Argued and submitted May 23, 1988, affirmed April 12, reconsideration denied
July 14, petition for review denied August 29, 1989 (308 Or 315)

NORTHWEST ADVANCEMENT, INC., et al,
*Petitioners,*

*v.*

WAGE AND HOUR COMMISSION,
*Respondent.*

(01/86; CA A42520 (Control))

NORTHWEST ADVANCEMENT, INC., et al,
*Petitioners,*

*v.*

BUREAU OF LABOR AND INDUSTRIES,
*Respondent.*

(CL01/86, CL02/86; CA A42899)
(Cases consolidated)

772 P2d 934

Gordon T. Carey, Jr., Portland, argued the cause and filed the brief for petitioners.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioners seek review of final orders issued by the Bureau of Labor and Industries (Bureau) and the Wage and Hour Commission (WHC). The orders followed a consolidated hearing held by Bureau and WHC concerning alleged violations of statutes and regulations governing the employment of minors. Bureau's order imposed civil penalties pursuant to ORS 653.370 that totaled $45,550, while WHC's order revoked their right to hire minors in the future, pursuant to ORS 653.307(2). Both orders were based on 75 proven violations of the statutes and regulations. We affirm.

■ Most of the assignments of error in this case have been addressed in *Northwest Advancement v. Bureau of Labor,* 96 Or App 133, 772 P2d 943 (1989). In that case, we upheld the agencies' application of the regulations and the issuance of a mandatory injunction requiring petitioners to comply with the regulations. Petitioners argue here that their activities are subject to regulation under the Fair Labor Standards Act (FLSA), and that Bureau and WHC therefore lacked authority to impose civil penalties or to revoke their right to hire minors. That issue was not raised before either Bureau or WHC, and we will not entertain it for the first time on appeal. *See Hughes v. Adult & Family Services,* 58 Or App 478, 484, 648 P2d 1324 (1982).

■ Petitioners also argue that Bureau erred in finding separate violations for separate offenses involving the same minors. They also assert that it erred in finding separate violations for each day that a regulation was violated. We disagree. ORS 653.370(1) provides:

"In addition to any other penalty provided by law, [Bureau] may impose upon any person not regulated under [FLSA] who violates ORS 653.305 to 653.370 or any rule adopted by [WHC] thereunder, a civil penalty not to exceed $1,000 *for each violation.*" (Emphasis supplied.)

Criminal sanctions are also available under ORS 653.991, which provides:

"Violation of *any* provision of this section or ORS 653.010 to 653.545 or of any rule or regulation adopted by the commission under ORS 653.307 shall be punishable as a misdemeanor." (Emphasis supplied.)

We conclude that the language of the statutes clearly indicates that the legislature intended to allow separate punishment for each violation.[1]

Affirmed.

---

[1] Petitioners' remaining assignments of error do not merit discussion.