Argued and submitted March 31, affirmed May 19, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROSELLA LEE MILLER,
*Appellant.*

(T91-2991; CA A75011)

852 P2d 895

Hari Nam S. Khalsa, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Rossman and Edmonds, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals her conviction of DUII, ORS 813.010, contending that the trial court erred in denying her motion to suppress. We affirm.

The pertinent facts are that Officer Bowlds saw defendant pull her vehicle over and stop, of her own volition, on the shoulder of a highway at a place that was posted for emergency parking only. He pulled in behind her, activated his flashing yellow lights, and called out to defendant to see if she needed assistance. Defendant, who had gotten out of her car and was walking away from Bowlds to the front of her vehicle, changed direction and walked up to him. Bowlds testified that, as defendant walked toward him,

> "she appeared to be unsteady. She was swaying. As she got closer, I could see her face was flushed; and her eyes were droopy; and she was kind of sleepy in appearance."

When he asked her if she was having problems with her vehicle, she replied, slowly, that she had stopped to stretch. Bowlds noticed a strong odor of alcoholic beverage on her breath and advised defendant of her rights. He ultimately arrested her.

Defendant contends that the trial court should have suppressed all evidence of Bowlds' observations of her. She argues that, because Bowlds contacted her in a "community caretaking" capacity, his observations of apparent criminal activity must be suppressed as a product of an unauthorized stop, under the rule she derives from *State v. Bridewell*, 306 Or 231, 759 P2d 1054 (1988).[1]

Defendant's reliance on *Bridewell* is misplaced. That case involved an entry onto the defendant's premises. This case does not present us with the same kind and degree of intrusion into a constitutionally protected area. Here, the officer simply came upon a motorist who had stopped her vehicle of her own volition and approached her to ask if she needed assistance. The trial court properly concluded that the contact, up to the time when the officer acquired reason to

---

[1] Defendant also relies on *State v. Martin*, 100 Or App 256, 785 P2d 801 (1990). After the briefs were filed in this case, the Supreme Court vacated that opinion. 315 Or 440, 845 P2d 1294 (1993).

inquire into defendant's sobriety, had not been converted into a "stop" by the mere fact that the officer activated his flashing yellow lights and called out to defendant as she was walking away from him. *See, e.g., State v. Gerrish*, 311 Or 506, 815 P2d 1244 (1991); *State v. Johnson*, 93 Or App 242, 761 P2d 1343 (1988), *rev den* 307 Or 405 (1989); *State v. Dubois*, 75 Or App 394, 706 P2d 588, *rev den* 300 Or 451 (1985); *State v. Tracy*, 52 Or App 945, 630 P2d 370, *rev den* 291 Or 662 (1981).

Accordingly, we hold that the officer's observations of defendant were not subject to suppression under the "community caretaking" rationale of *State v. Bridewell, supra.*[2]

Affirmed.

---

[2] Defendant also cites *State v. Johnson*, 105 Or App 587, 805 P2d 747 (1991), as authority for the proposition that Bowlds "stopped" her by calling out to her and causing her to walk from the front of her vehicle to the rear. *Johnson* is readily distinguishable from this case. There, the police were investigating a report of a fight, suspected Johnson of being a participant or a witness, and asked him what he had in his pocket before they directed him to step out from behind a bush and approach them. The circumstances of that contact were more inherently coercive and resulted in more of an interference with Johnson's choice of action than Bowlds' encounter with defendant, which was in the immediate vicinity of the car that she had stopped voluntarily. *Johnson* is not dispositive.