Argued and submitted November 30, 1992, affirmed July 28, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# SAMUEL CLARK FIELDS, JR.,
*Appellant.*

# (90-CR-3349-MI; CA A72547)

857 P2d 179

James N. Varner, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann M. Feusse, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

### ROSSMAN, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, assigning error to the trial court's denial of his motion to suppress. We affirm.

The facts are undisputed. At approximately 8 p.m., on October 29, 1990, Officer Johnson pulled behind a car that was parked on the side of a public road. He noticed two men standing next to the car and defendant lying underneath it, apparently attempting to repair a defective part. As Johnson approached the car, he saw the two men, who appeared to be under 21 years of age, quickly toss something into the back seat of the vehicle. He shined his flashlight in the car and saw an unopened half case of beer. He did not see any open containers.

While still beneath the car, defendant told Johnson that he owned the car. Johnson then asked defendant to come out from under the car. When defendant stood, he appeared unsteady and nearly fell. Johnson also detected a strong odor of alcohol emanating from him. Defendant said that he had consumed eight beers in the last two hours and that he and his companions had been parked on the roadside for about five minutes. Defendant's companions told Johnson that defendant had been driving.

Johnson asked defendant to perform field sobriety tests. Defendant responded that, if he did, he might be arrested for DUII. Johnson then arrested defendant for DUII. At the police station, defendant submitted to an Intoxilyzer test that determined his blood alcohol content to be .21% by weight.

Defendant contends that the trial court erred in denying his motion to suppress the statements made by him and his companions and the results of the Intoxilyzer test. He argues that, under *State v. Bridewell*, 306 Or 231, 759 P2d 1054 (1988), Johnson's contact with him and his companions was in a "community caretaking" capacity and that any incriminating evidence obtained or derived from the contact should be suppressed as a product of an unauthorized stop.[1] We disagree.

---

[1] Defendant also cites *State v. Martin*, 100 Or App 256, 785 P2d 801 (1990), as support for his position. That opinion was vacated and remanded by the Supreme Court after the briefs were submitted in this case. 315 Or 440, 845 P2d 1294 (1993).

Even assuming that Johnson's sole purpose in approaching the car was to render assistance, *Bridewell* does not require suppression of the evidence. In *State v. Miller*, 120 Or App 349, 852 P2d 895 (1993), an officer pulled behind the defendant, who had parked her car on the shoulder of the road, and turned on his flashing yellow lights. The officer called out to the defendant to see if she needed assistance. The defendant, who had left her car and was walking away from the officer, turned and walked toward him. As she approached, the officer observed indicia of intoxication and arrested her for DUII. In rejecting the defendant's argument that *State v. Bridewell, supra,* compelled suppression of the officer's observations, we said:

> "[*Bridewell*] involved an entry onto the defendant's premises. This case does not present us with the same kind and degree of intrusion into a constitutionally protected area. Here, the officer simply came upon a motorist who had stopped her vehicle of her own volition and approached her to ask if she needed assistance. The trial court properly concluded that the conduct, up to the time when the officer acquired reason to inquire into defendant's sobriety, had not been converted to a stop by the mere fact that the officer activated his yellow lights and called out to defendant as she was walking away." 120 Or App at 351-52. (Citations omitted.)

That same reasoning applies in this case. Here, we are not dealing with an intrusion that is similar in type or magnitude to the intrusion at issue in *Bridewell*. Like the officer in *Miller*, Johnson merely pulled up behind defendant and his companions, who were already parked on the shoulder of a public road, and initiated a dialogue with them. It is clear that Johnson was free to approach defendant's car and to engage defendant and his companions in conversation without the encounter constituting a "stop" under ORS 131.615[2] and, consequently, without having to articulate a specific level of suspicion for doing so. *State v. Gerrish*, 311 Or

---

[2] ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

A "stop," for purposes of ORS 131.615, is "a temporary restraint of a person's liberty by a peace officer lawfully present in any place." ORS 131.605(5).

506, 513, 815 P2d 1244 (1991); *State v. Holmes*, 311 Or 400, 410-11, 813 P2d 28 (1991); *State v. Warner*, 284 Or 147, 161, 585 P2d 681 (1978); *State v. Underhill*, 120 Or App 584, 853 P2d 847 (1993).[3] The trial court correctly concluded that the encounter was not transformed into a "stop" of statutory proportion merely because Johnson asked defendant to come out from beneath the car.[4] *See State v. Gerrish, supra*, 311 Or at 513; *State v. Holmes, supra*, 311 Or at 410-11; *State v. Underhill, supra*. Defendant was not "stopped" until Johnson asked him to perform field sobriety tests. *See State v. Holmes, supra*, 311 Or at 414. At that point in the encounter, Johnson had a reasonable suspicion that defendant had been driving under the influence of intoxicants and was, therefore, authorized to detain him.

The trial court properly denied defendant's motion to suppress.

Affirmed.

---

[3] In *State v. Holmes, supra*, the Supreme Court recognized:

"Under the[] 'seizure' standards [of Article I, section 9], law enforcement officers remain free to approach persons on the street * * *, seek their cooperation or assistance, request or impart information, or question them without being called upon to articulate a certain level of suspicion in justification if a particular encounter proves fruitful. * * *

"Under the same reasoning, police-motorist encounters, like pedestrian encounters, are not *per se* 'seizures.' It would be anomalous to guarantee a motorist greater freedom of movement than is afforded a pedestrian." 311 Or at 410-11. (Citations omitted.)

[4] The Supreme Court has held that

"[an officer-citizen] encounter is a 'seizure' only if the officer engages in conduct significantly beyond that accepted in ordinary social intercourse. The pivotal factor is whether the officer, even if making inquiries a private citizen would not, has otherwise conducted himself in a manner that would be perceived as a nonoffensive contact if it had occurred between two ordinary citizens." *State v. Holmes, supra*, 311 Or at 410.

*See also State ex rel Juv. Dept. v. Fikes*, 116 Or App 618, 622-23, 842 P2d 807 (1992); *State v. Morrelli, supra*, 109 Or App 589, 594, 820 P2d 1369 (1991).