Argued and submitted March 12, affirmed on petition and on cross-petition
April 8, 1992

In the Matter of the Compensation of
C. Bernice Chandler, Claimant.
EBI INSURANCE COMPANY
and St. Charles Medical Center,
*Petitioners - Cross-Respondents,*

*v.*

C. Bernice CHANDLER,
*Respondent - Cross-Petitioner.*

(89-26231; CA A69713)

828 P2d 1047

Craig A. Staples, Portland, argued the cause for petitioners - cross-respondents. With him on the briefs was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Dan Steelhammer, Bend, argued the cause for respondent - cross-petitioner. With him on the brief was Brothers, Drew & Steelhammer, Bend.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this workers' compensation case, employer seeks review of an order of the Board holding that claimant's request for hearing on a determination order for her claim for injury to her neck, shoulder, back and leg was timely filed. Claimant cross-petitions, seeking review of the Board's determination of the extent of disability. There is substantial evidence to support the Board's determination of the extent of disability. We write only to address the issue of the timeliness of the request for hearing.

At the relevant time, ORS 656.319(4) provided that a request for hearing must be filed within 180 days after the date of mailing the determination order. The term "filed" is not defined in the statutes. In OAR 438-05-046(1)(a), the Board has defined it to mean

"the physical delivery of a thing to any permanently staffed office of the Board, or the date of mailing."

Here, claimant mailed her request for hearing on the 180th day. It was not received until the 182nd day. The Board held, relying on its administrative rule, that the filing was timely. Employer contends that there is controlling case law interpreting ORS 656.319 that holds that a request for hearing is filed only when received, *Norton v. Compensation Department*, 252 Or 75, 78, 448 P2d 382 (1968), and that, therefore, the Board's rule interpreting the statute differently is invalid. Employer did not challenge the substantive validity of the rule at the Board level; therefore, we will not consider the argument for the first time on judicial review. *Northwest Advancement v. Wage and Hour Comm.*, 96 Or App 146, 772 P2d 934, *rev den* 308 Or 315 (1989), *cert den* 496 US 907, 110 S Ct 2590, 110 L Ed 2d 271 (1990). Employer does not contend that the rule was not properly promulgated or adopted. Under the express terms of the rule, the request for hearing was timely filed.

Affirmed on petition and on cross-petition.