Argued and submitted April 17, affirmed December 16, 1992

In the Matter of the Compensation of
Floreen A. Popoff, Claimant.

Floreen A. POPOFF,
*Petitioner,*

*v.*

J.J. NEWBERRYS,
*Respondent.*

(88-12024, 88-12023, 88-19685;
CA A70090 (Control), A70091)

843 P2d 1003

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were Michael R. Stebbins and Stebbins & Coffee, North Bend.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board that held that claim preclusion bars her from asserting claims for medical services. ORS 656.245. We affirm.

Claimant compensably injured her back in 1979. The claim was closed by stipulation and order in 1985. Claimant experienced back pain in 1986 after falling down. She saw Dr. Holbert, who diagnosed obesity and degenerative disc disease and recommended weight loss as an alternative to surgery. Two months later, Dr. Wolpert made the same diagnoses but opined that claimant's symptoms were related to the compensable injury. In February, 1987, she filed a claim for medical services. In March, employer denied the claim. Claimant did not request a hearing. In November, 1987, and April and June, 1988, she filed additional claims for medical services with employer. It did not respond. On June 4, claimant requested a hearing.

The Board held that employer's March, 1987, denial rejected claimant's claim for medical services for a back condition. It found that the back condition had not changed since the denial. It held that, because she had failed to request a hearing from the denial, she was barred from asserting that she was entitled to compensation for medical services for the same condition.

Claimant assigns error to the Board's conclusion that her failure to request a hearing on the 1987 denial barred her from asserting the later claims for medical services. She argues that the 1987 claim was never litigated and that, therefore, claim preclusion does not apply. However, claim preclusion does not require actual litigation. The doctrine applies when there is an opportunity to litigate an issue before a final determination of the proceeding. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). Claimant could have, but did not, challenge the denial of her claim for medical services for her back condition. The denial became final for the purposes of claim preclusion when she did not timely request a hearing. ORS 656.319; *Drews v. EBI Companies, supra*, 310 Or at 149.

■     Claimant also argues that the denial was vague and that no substantial evidence supports the Board's ruling that she had no right to medical services unless she proved that her condition had changed. The March, 1987, denial letter reads, in part:

> "Your attorney has recently made an application for increased compensation because of an aggravation claim. It is our position that there is no worsening of your underlying accepted condition and *furthermore, your present problems as treated by Dr. Holbert are not related to the original accepted injury.* Your aggravation claim is hereby denied." (Emphasis supplied.)

The letter refers to medical services provided by Holbert relating to claimant's "present problems." Claimant does not dispute that, when she filed the claim, she sought payment for medical services only for her back condition. There is substantial evidence to support the Board's finding that employer denied the claim for medical services for the back condition.

        Affirmed.