Argued and submitted March 9, reversed on petition and remanded for
reconsideration; affirmed on cross-petition September 29, 1993

In the Matter of the Compensation of
Curtis W. Stinson, Claimant.
HAMMON STAGE LINE
and Employers Insurance of Wausau,
a Mutual Company,
*Petitioners - Cross-Respondents,*

*v.*

Curtis W. STINSON,
*Respondent - Cross-Petitioner.*
(89-16397; CA A75509)

859 P2d 1180

David O. Horne, Beaverton, argued the cause for peti-
tioners - cross-respondents. With him on the brief was Wau-
sau Insurance Companies, Beaverton.

Arthur Klosterman, Salem, argued the cause for respon-
dent - cross-petitioner. With him on the brief was Whitehead
& Klosterman, Salem.

Before Warren, Presiding Judge, and Edmonds and
Landau, Judges.

LANDAU, J.

### LANDAU, J.

Employer petitions for review of an order of the Workers' Compensation Board that held that the doctrine of claim preclusion bars claimant from challenging the wage rate used to calculate his temporary total disability benefits, but not his permanent total disability benefits. Claimant cross-petitions for review of the same order.

Claimant was injured in an automobile accident on December 17, 1982. Employer accepted his workers' compensation claim. Although claimant had regularly worked overtime before the accident, employer calculated his temporary total disability compensation at a rate that did not take overtime into account. On November 4, 1984, a determination order issued closing the claim and awarding claimant temporary total disability and 30 percent unscheduled permanent partial disability. No one requested a hearing.

The claim later was reopened for vocational assistance. On July 29, 1988, a determination order issued closing the claim again and awarding claimant additional temporary total disability, but only 20 percent unscheduled permanent partial disability. Claimant requested a hearing. On April 12, 1989, the referee awarded claimant permanent total disability. Employer then requested review by the Workers' Compensation Board.

On August 15, 1989, while review of the referee's order was pending, claimant requested a hearing on employer's failure to pay the permanent total disability awarded by the referee. In amended requests for hearing, filed on September 18, 1989, and on November 27, 1989, claimant asked for review of the wage rates used to calculate the temporary total disability benefits awarded in both the 1984 and the 1988 determination orders. He also asked for review of the wage rates used to calculate his permanent total disability benefits awarded in the 1989 referee's order. Claimant asserted, for the first time, that employer had improperly failed to include regularly-worked overtime in its calculations of his wage rate.

On August 10, 1990, the Board affirmed the 1989 referee's order, which had awarded permanent total disability. No one sought judicial review.

On September 4, 1991, the referee issued an order on the challenge to the wage rates used to calculate claimant's temporary total disability and permanent total disability benefits. The referee ordered employer to recalculate the payments using the correct wage rate and to pay claimant the additional amount due. Employer requested Board review.

The Board modified the referee's order. Relying on *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990), it held that the doctrine of claim preclusion bars claimant from challenging his wage rate with respect to his temporary total disability payments, but not his permanent total disability payments.

In its petition for review, employer first argues that the Board erred in ordering any change in permanent total disability benefit payments to include overtime wages. There is no rule, employer argues, requiring the inclusion of overtime wages. That issue, however, was neither raised nor argued before the Board, and we will not entertain it for the first time on judicial review. *EBI Ins. Co. v. Chandler*, 112 Or App 275, 277, 828 P2d 1047 (1992); *Northwest Advancement v. Wage and Hour Comm.*, 96 Or App 146, 148, 772 P2d 934, *rev den* 308 Or 315 (1989), *cert den* 496 US 907 (1990).

Employer next argues that the Board should have concluded that the doctrine of claim preclusion bars claimant from challenging his wage rate with respect to both temporary and permanent disability benefits. In his cross-petition, claimant argues that the Board should have concluded that claim preclusion does not bar him from challenging the wage rate with respect to either temporary or permanent disability benefits. Neither party is correct.

The Supreme Court's decision in *Drews* is dispositive. In *Drews*, the claimant was injured at a time when he was earning $10.50 per hour. His employer, however, incorrectly calculated his wage at $8.50 per hour and paid temporary disability benefits on the basis of that rate. A 1981 determination order awarded temporary total disability benefits for a specified time period. No one requested a hearing. Temporary total disability benefits continued to be paid on the basis of the incorrect wage rate. In 1984, the claimant filed an aggravation claim. The employer denied the claim,

but the referee ordered the payment of temporary total disability payments. The following year, a determination order issued allowing temporary total disability benefits for a limited period. The claimant requested a hearing, and at that time first challenged the wage rate used to calculate his temporary disability benefits. The Board held that, because the wage rate challenge could have been raised in the 1984 aggravation claim hearing, the claimant was barred from raising the same issue later.

The Supreme Court reversed. Neither issue preclusion nor claim preclusion barred the claimant from raising the wage rate issue, the court held, because the determination of the 1984 aggravation claim was not yet final:

> "A claim determination is not final until hearing and judicial review rights are barred or exhausted. The statutory scheme indicates that the finality requisite for claim or issue preclusion, against the worker, occurs only when a worker fails to timely request a hearing after a claim denial, a determination order, or a notice of claim closure, or by failure to file a timely appeal to the Board or the courts." 310 Or at 149. (Citations omitted.)

When the claimant first raised the wage rate issue, review of the 1984 aggravation claim was still pending. Therefore, the court concluded, finality had not yet attached to that proceeding, and the claimant was free to request review of the error in calculating the rate of his benefit payments. By way of contrast, the court observed that the claimant could not complain about the rate at which his temporary disability benefits had been paid under the original claim, which was closed in 1981 and from which no appeal was taken. By the time the claimant raised the wage rate issue, the 1981 order had become final. 310 Or at 150 n 13.

In the case before us, claimant had requested a hearing on the 1988 determination order, and while review was still pending, he filed his request for hearing on the wage rate issue. Claimant's challenge to the 1988 order, therefore, is identical in all material respects to the one found not barred in *Drews*. Claimant's challenge to the wage rate used to calculate his temporary total disability payments under the 1988 determination order is not barred by claim preclusion.

Claimant did not request a hearing on the 1984 determination order. At the time he filed his request for hearing on the wage rate issue, finality had attached to that order. In that respect, claimant's challenge is factually indistinguishable from the one found barred in *Drews*. His challenge to the wage rate used to calculate his temporary total disability benefits payments under the 1984 determination order that closed the original claim is barred by claim preclusion.

Reversed on petition and remanded for reconsideration; affirmed on cross-petition.