Argued and submitted April 18, reversed and remanded for reconsideration September 14, 1994, petition for review denied January 24, 1995 (320 Or 507)

In the Matter of the Compensation of
Richard J. Messmer, Claimant.

Richard J. MESSMER,
*Petitioner,*

*v.*

DELUXE CABINET WORKS
and Aetna Casualty Co.,
*Respondents.*

(91-12265; CA A79805)

881 P2d 180

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi, Wilson & Atchison.

Jerald P. Keene argued the cause for respondents. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that upheld employer's denial of his aggravation claim. We reverse.

In 1987, claimant injured his neck and right shoulder at work. Employer accepted the claim, which had been diagnosed as thoraco-cervical strain and myofascitis. The following month, claimant's physician diagnosed degenerative disc disease in his neck. Employer neither accepted nor denied compensability of that disease, but authorized surgery for it, which was performed in 1988. In 1989, the claim was closed by determination order, which awarded permanent partial disability based in part on the effects of the surgery that had treated the degenerative disc disease. There was no appeal of the determination order.

In 1991, after claimant's pain worsened, his physician requested authorization for surgery for progressive degenerative changes to his cervical spine. Employer denied compensability of that condition, based on a lack of connection between the worsened condition and the accepted thoraco-cervical strain. Claimant appealed, arguing that employer's failure to deny the degenerative condition and its failure to seek review of the determination order has preclusive effect, barring employer from now denying compensability of the worsening of the degenerative condition. Employer argues that the only condition it accepted was the strain to the neck and back, and that its payment of compensation under the determination order for the degenerative disc disease does not constitute acceptance of a claim for the degenerative condition. Therefore, it argues, it can deny the claim for the worsening of the degenerative condition.

The Board adopted the referee's finding that employer accepted a strain injury and that it did not accept the degenerative disc condition. Claimant does not challenge that finding. The Board also concluded that employer was not precluded from denying the compensability of claimant's aggravation claim, because

"neither the employer's approval of payment for surgery nor its failure to challenge a Determination Order which awarded benefits for the residuals of the surgery constituted

acceptance of the degenerative condition which the surgery was designed to treat."

Claimant argues on review that employer is barred by claim preclusion from denying the compensability of the degenerative condition, which has now worsened and requires treatment. Claimant argues:

"[I]t is impermissible, given the facts, for [employer] to deny the compensability of claimant's degenerative disc disease or need for additional surgery. When the determination order issued, [employer] knew claimant's condition — and the compensation awarded — included elements of degenerative disease. [Employer] could have — and should have — denied that which it believed to be non-compensable. But [employer] did not. It is stuck with the result because of claim preclusion."

Employer argues that a determination order does not decide issues of causation, and therefore claim preclusion does not prevent it from later denying the compensability of a condition for which an award of compensation was made by the determination order.

In *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990), the Supreme Court held that claim preclusion applies to workers' compensation decisions. Claim preclusion bars litigation of a claim based on the same factual transaction as was or could have been litigated between the parties in a prior proceeding that has reached a final determination. 310 Or at 142-43; *SAIF v. Hansen*, 126 Or App 662, 870 P2d 247 (1994). A determination order that is not appealed and has become final can give rise to application of the principle of claim preclusion. *Drews v. EBI Companies, supra*, 310 Or at 149; *Hammon Stage Line v. Stinson*, 123 Or App 418, 422, 859 P2d 1180 (1993). There is no argument in this case that the determination order is not final. Therefore, the question is whether employer could have litigated the scope of the accepted claim, *i.e.*, whether the accepted claim encompassed the degenerative condition, in the determination order or in an appeal from that order.

The purpose of the determination order was not to decide disputes about acceptance or denial, but was to make a determination about the extent of claimant's disability resulting from the claim and to award compensation in accordance with that determination. The order did that.

However, as we recognized in *Hammon Stage Line v. Stinson, supra,* the award made by the determination order was based on certain underlying facts. For example, in *Hammon Stage Line,* the award was based on a certain wage rate, which the claimant later argued was incorrectly determined. We held that, as to the award that had become final because it was not appealed, claimant was precluded from challenging the wage rate used to calculate his temporary disability benefits.

In this case, one of the underlying facts on which the compensation award was based was the scope of the compensable claim. The scope of the compensable claim is inseparable from the determination of the extent of disability. Employer could have appealed the determination order and challenged the award if it believed that it was being made in part for a noncompensable condition. It did not do that. Therefore, claim preclusion bars it from later arguing that the condition for which the award was made is not part of the compensable claim.

According to the Board's findings, the determination order included compensation for residuals of surgery for the degenerative condition. That condition had never been accepted by employer. However, employer did not appeal the award, and paid the compensation ordered. Although employer's payment of the compensation, by itself, does not constitute acceptance of a claim for the degenerative condition, ORS 656.262(9), employer's failure to challenge the award on the basis that it included an award for a noncompensable condition precludes employer from contending later that that condition is not part of the compensable claim. The result is not that the degenerative condition has been accepted; it is that employer is barred by claim preclusion from denying that it is part of the compensable claim.

The Board erred in concluding that employer is not required to treat the degenerative condition, which has now worsened, as part of the compensable claim. Therefore, we remand to the Board for reconsideration.

Reversed and remanded for reconsideration.