Argued and submitted September 16, 1994, reversed and remanded for reconsideration February 8, 1995

In the Matter of the Compensation of
Craig L. Hiatt, Claimant.

Craig L. HIATT,
*Petitioner,*

*v.*

HALTON COMPANY,
*Respondent.*

(92-14383; CA A83240)

889 P2d 919

Donald E. Beer argued the cause for petitioner. With him on the brief was Popick & Merkel.

Kenneth L. Kleinsmith argued the cause for respondent. With him on the brief was Meyers, Radler, Replogle & Bohy.

Before Riggs, Presiding Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

* Riggs, P. J., *vice* Rossman, P. J., retired.

## De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in holding that employer could contest the compensability of claimant's "left hearing loss."

Claimant was injured at work when a burning hot metal slag popped into his left ear. Employer accepted a claim for left otitis media, left middle ear infection. On April 13, 1992, a determination order awarded claimant permanent partial disability compensation for six percent loss of hearing in the left ear. Employer did not request a hearing on the determination order, and it became final. On November 2, 1992, employer denied the compensability of the "left hearing loss," based on new medical evidence that showed that the hearing loss preexisted the on-the-job injury and was not work related.

The referee set aside the denial, concluding that employer was barred from denying the compensability of a disability that had been finally determined by a determination order. The Board reversed the referee, holding that, although it was the law of the case that claimant has "left hearing loss" as a result of the compensable injury, the denial of noise-induced hearing loss is not barred by principles of *res judicata*, because the medical evidence shows that claimant's noise-induced hearing loss bears no relationship to his employment, and therefore the hearing loss is treated as a separate claim that can be separately litigated.

We agree with claimant that the Board erred. At the time the determination order was issued, Dr. Dowsett, claimant's treating physician, was of the view that claimant's hearing loss was attributable to his injury. At that time, however, Dowsett had not seen claimant's pre-employment audiogram, performed before the injury, which showed noise-induced hearing loss in the left ear. Other doctors who examined claimant after the determination order was issued, and in the context of this proceeding, have concluded that claimant's hearing loss, if any, is not related to the burn injury. There is no medical evidence now in this record that indicates that claimant has any hearing loss that is not the result of noise. Nonetheless, the determination order made

an award for hearing loss and that order has become final. Employer could have sought a hearing on the order and challenged the award if it believed that it was being made in part for a noncompensable condition. It did not do that. Therefore, we conclude that claim preclusion bars it from later arguing that the condition for which the award was made is not part of the compensable claim. *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 881 P2d 180 (1994), *rev den* 320 Or 507 (1995).

Reversed and remanded for reconsideration.