Argued and submitted January 29, affirmed on petition for judicial review; cross-petition for judicial review dismissed May 1, petition for review denied October 8, 1996 (324 Or 305)

In the Matter of the Compensation of
Richard J. Messmer, Claimant.

## DELUXE CABINET WORKS
and Aetna Casualty & Surety,
*Petitioners - Cross-Respondents,*

*v.*

Richard J. MESSMER,
*Respondent - Cross-Petitioner.*

(91-12265; CA A87910 (Control), CA A88122)
(Cases Consolidated)

915 P2d 1053

Jerald P. Keene argued the cause and filed the brief for petitioners.

Kevin Keaney argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

The principal issue in this case is whether the legislature has enacted a statute that has the effect of overruling our prior decision, *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 881 P2d 180 (1994), *rev den* 320 Or 507 (1995), holding that employer is precluded from contesting compensability. Armed with what it characterizes as dispositive legislative history, employer argues that the legislature did so intend. Armed with the language of the statute itself, claimant argues that, whatever *its* intentions may have been, the legislature's enactment does not require a change in the result in this case. We agree with claimant.

In 1987, claimant injured his neck and shoulder at work. The injury was diagnosed as thoraco-cervical strain and myofascitis. Employer accepted the claim. The following month, claimant's physician diagnosed degenerative disc disease in claimant's neck. Although it neither accepted nor denied compensability of that condition, employer did authorize surgery for it. In 1989, the claim was closed by a determination order awarding claimant permanent partial disability based in part on the effects of the surgery for the degenerative disc disease. Employer did not request a hearing on the determination order.

Claimant's pain worsened, and in 1991, his physician requested authorization for treatment of degenerative changes to the cervical spine. Employer denied compensability, contending that there was no connection between claimant's condition and the accepted thoraco-cervical strain. On review of the Board's order denying the claim, we held:

> "*Employer could have appealed* the determination order and challenged the award if it believed that it was being made in part for a noncompensable condition. *It did not do that. Therefore, claim preclusion bars it from later arguing that the condition for which the award was made is not part of the compensable claim.*"

*Messmer*, 130 Or App at 258 (emphasis supplied). We remanded the case to the Board, and the Board ordered employer to accept and process the claim.

On review, employer argues that recent changes in the workers' compensation statutes effectively overrule our decision in *Messmer*.[1] Those changes, codified at ORS 656.262(10), are reflected in the following boldfaced text:

> "Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof. **Payment of permanent disability benefits pursuant to a determination order, notice of closure, reconsideration order or litigation order shall not preclude an insurer or self-insured employer from subsequently contesting the compensability of the condition rated therein, unless the condition has been formally accepted.**"

Or Laws 1995, ch 332, § 28 (boldface in original). Employer argues that the foregoing amendatory language, which applies retroactively,[2] was intended to permit employers to challenge the compensability conditions for which compensation has been awarded even though the employers have failed to request a hearing on the determination order. Employer concedes that the language of the statute itself says nothing about the determination order being unchallenged but refers only to benefits having been paid. Nevertheless, employer insists that the legislature intended that language to effect the change in the law that it suggests. In support of that assertion, employer relies on two portions of legislative history.

The first is a statement of Representative Mannix, one of the sponsors of Senate Bill 369, before the Senate

---

[1] Claimant has withdrawn his cross-petition for judicial review.

[2] Subject to exceptions not pertinent to this case, the legislature has provided that the 1995 amendments to the workers' compensation statutes apply retroactively to all pending cases. *Volk v. America West Airlines*, 135 Or App 565, 572-73, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996). Generally, once we determine that such retroactive amendments apply in a given case, we remand to the Board for its initial construction and application of the new law. *Baar v. Fairview Training Center*, 139 Or App 196, 204, 911 P2d 1232 (1996). The Board, however, already has decided, in another case, that the 1995 amendments codified at ORS 656.262(10) effectively overrule our decision in *Messmer*. *Craig L. Hiatt*, 47 Van Natta 2287 (1995). Accordingly, we find no good reason to delay our decision as to the proper construction of the statute.

Labor Committee. Mannix explained that the amendment to ORS 656.262

> "is meant to overrule a recent decision which stated that once an award of permanent disability has been made, this will constitute a tacit irrevocable acceptance of the condition. What's the problem here? If that court case stays in place, insurers and employers will be tempted to fight many awards of permanent disability that they might otherwise have eaten. Why will they fight it? Because they suddenly feel that they are now permanently obligated to provide benefits for life for a condition that was never really litigated. This says no, go ahead and pay out the disability benefits, you don't have to litigate it. Later on, if you develop evidence that this was a preexisting condition that's resolved, or subsequently developed condition that is not attributable to the injury, you can rescind the denial, you can litigate it, but go ahead and pay out the permanent disability award, you don't have to litigate it at that time."

Tape recording, Senate Committee on Labor and Government Operations, January 30, 1995, Tape 15, Side B at 140-55. Second, employer relies on a statement of a workers' compensation attorney who also testified before the Senate committee that the proposed amendment "overrules *Messmer v. Deluxe Cabinet Works* in the manner described by Representative Mannix." Tape recording, Senate Committee on Labor and Government Operations, February 1, 1995, Tape 19, Side A at 132-36.[3]

---

[3] We note that additional legislative history reflects the same understanding. A summary submitted by Senator Gene Derfler, for example, stated that the proposed amendment, ultimately enacted and codified at ORS 656.262(10),

> "overrules a recent court decision which stated that once an award of permanent disability has been made for a condition, this will constitute a tacit irrevocable acceptance of the condition."

Summary, Senate Committee on Labor and Government Operations, January 30, 1995, Ex A at 14. That summary was repeated in another Senate staff summary. Summary, Senate Committee on Labor and Government Operations, February 17, 1995, Ex F at 12. That summary, in turn, was submitted to the House. Summary, House Committee on Labor, March 6, 1995, Ex A at 8. Mannix also testified before the House Committee on Labor, describing the effect of the amendment he proposed:

> "[T]here's been some case law that recently said that, by when you paid out an award of permanent disability, that you were suddenly accepting everything that was included in that award, even though there may have been a rating of the condition that you didn't think should have been covered. Well this says 'no, you can pay on it, but if you later want to raise that issue by a denial you may do so.' "

Claimant argues that, although the legislative history may demonstrate that some legislators thought the proposed amendment would effectively overrule *Messmer*, the fact remains that the language that the legislature actually enacted did not do that. Claimant relies on the fact that the statute says nothing about claim preclusion or failure to appeal a determination order and says only that the payment of benefits does not preclude a later challenge.

■ When we construe the language of a statute, we are to effectuate the intentions of the legislature, "if possible." ORS 174.020. To ascertain the intentions of the legislature, we examine the text, its context and, if necessary, the legislative history. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In all events, however, we are constrained by the reasonable construction of the language that the legislature actually enacted. We are forbidden, both by statutory command and by constitutional principles, to insert language that the legislature, whether by design or by default, has omitted. ORS 174.010; *Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995).

■ The language of ORS 656.262(10), as amended, says nothing about the preclusive consequences of an employer's failure to appeal a determination order. The only subject of the sentence is the "payment of permanent disability benefits." The act of payment, the statute now says, does not preclude an employer from subsequently contesting compensability. Employer urges us to read "[p]ayment of permanent disability benefits" to mean "[p]ayment of permanent disability benefits *or failure to appeal a determination order*." The emphasized language, however, is not part of the enacted statute, and we are not at liberty to add it. Nor can the words "payment of * * * benefits" reasonably be construed by themselves to contain the missing words employer seeks to have inserted. Payment of benefits is one thing; failing to appeal a determination order is another.

That very distinction was at the heart of our prior decision in this case:

Tape recording, House Committee on Labor, March 6, 1995, Tape 46, Side A at 135-46.

"Although employer's payment of the compensation, by itself, does not constitute acceptance of a claim for the degenerative condition, ORS 656.262(9), employer's failure to challenge the award on the basis that it included an award for a noncompensable condition precludes employer from contending later that that condition is not part of the compensable claim."

*Messmer*, 130 Or App at 258. Our decision was expressly based on employer's failure to challenge the determination order, not on its payment of permanent disability benefits. The statute addresses only the latter. Thus, our holding in *Messmer* is unaffected by the amended version of ORS 656.262(10).

■ Employer argues that such a reading of the statute would make a redundancy of the 1995 amendments, because the workers' compensation statutes already state that payment of benefits does not preclude later challenge to compensability. It may well be that the amended language is a redundancy. Nevertheless, the potentially redundant effect of statutory language does not give us license to redraft the statute so that it means something "new." *See Fifth Ave. Corp. v. Washington Co.*, 282 Or 591, 597-98, 581 P2d 50 (1978).

Employer insists that our reading of the statute ignores the manifest intentions of the legislature, as revealed in the cited portions of the legislative history.

We reject that argument for two reasons. First, whatever the legislative history shows, the fact remains that the language of the statute cannot reasonably be read to accomplish what employer suggests, and we may not rewrite that language so that it more closely tracks with the legislature's unenacted intentions. ORS 174.010. Second, assuming for the sake of argument that the language of the statute is sufficiently ambiguous to warrant examination of the legislative history, we do not read the legislative history to demonstrate so conclusively the intentions employer asserts. Mannix did say that he intended Senate Bill 369 "to overrule a recent decision" of this court which he described as holding that

"when you paid out an award of permanent disability, you were suddenly accepting everything that was included in the award [of permanent disability]"

and that his proposed amendment would effectively say "no you can pay for it, but if you later want to raise that issue [of compensability] you may do so." The problem is that what Mannix described clearly is *not* what we said in *Messmer*. As we have noted, *Messmer* addressed employer's failure to challenge the determination order, not the decision to pay benefits.[4] Therefore, if the legislative history reveals anything at all, it is that the legislature mistakenly read one of our opinions and then enacted language to overrule a holding that we did not make.

■    We acknowledge, and respect, the legislature's constitutional prerogative to amend statutes in order to alter the effect of our prior decisions. Nevertheless, if that is what the legislature intends, it must enact language that, reasonably construed, actually changes that law. In this case, it is apparent that the legislature proceeded from an inaccurate understanding of our decision and enacted language that changes nothing of substance in that decision. Under the circumstances, we cannot rewrite the statute to give effect to what we may speculate the legislature would have intended had it correctly read our prior decision. As the Supreme Court stated when confronted with similar circumstances:

> "Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent."

---

[4] The same misunderstanding is reflected in the other relevant portions of legislative history. Senator Derfler's summary, for example, summarizes *Messmer* as holding that

> "once an award of permanent disability is made for a condition, this will constitute a tacit irrevocable acceptance of the condition."

Summary, Senate Committee on Labor and Government Operations, January 30, 1995, Ex A at 14. That is simply wrong. In *Messmer*, we held that an

> "employer's payment of the compensation * * * does *not* constitute acceptance of a claim."

130 Or App at 258 (emphasis supplied).

*Monaco v. U. S. Fidelity & Guar.*, 275 Or 183, 188, 550 P2d 422 (1976); *see also Digler v. School District 24CJ*, 222 Or 108, 112, 352 P2d 564 (1960) ("[i]t is axiomatic that the courts cannot in the guise of construction supply an integral part of a statutory scheme omitted by the legislature"); *Eslamizar v. American States Ins. Co.*, 134 Or App 138, 145 n 3, 894 P2d 1195, *rev den* 322 Or 228 (1995) (if "the legislature has made a mistake, * * * only the legislature may remedy it").

We conclude that ORS 656.262(10) did not effectively overrule our prior decision in this case and does not require reversal of the Board's decision on remand.

Affirmed on petition for judicial review; cross-petition for judicial review dismissed.