Argued and submitted December 16, 1996, reversed and remanded March 5, 1997

In the Matter of the Compensation of
Dennis L. Keller, Claimant.

Dennis L. KELLER,
*Petitioner,*

*v.*

WARN INDUSTRIES, INC.,
SAIF Corporation, Providence Medical Center
and Aetna Casualty Company,
*Respondents.*

(WCB Nos. 93-11978, 93-07002; CA A92833)

934 P2d 597

Robert Wollheim argued the cause for petitioner. With him on the brief was Welch, Bruun, Green & Wollheim.

Michael O. Whitty argued the cause and filed the brief for respondents SAIF Corporation and Warn Industries, Inc.

Vera Langer waived appearance for respondents Providence Medical Center and Aetna Casualty Company.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board holding that SAIF is not precluded by a determination order from denying a claim for medical services for claimant's degenerative back condition. We reverse the Board.

Claimant injured his back in 1980, while working for SAIF's insured, Warn Industries, Inc. SAIF accepted the claim by an unexplained code; it did not specify what condition was being accepted. A July 1984 determination order awarded claimant 35 percent permanent partial disability. Following claimant's completion of an authorized training program, the claim was closed again without an additional award of compensation for permanent disability. SAIF did not challenge the award. The Board has found that the award included benefits for symptoms of a preexisting degenerative spinal condition, although that condition had not been accepted by SAIF.

In 1991, claimant sustained a nondisabling back and leg injury while working for Providence Medical Center, then insured by Standard Fire Insurance Company and now by Aetna Casualty Company. Standard accepted a claim for nondisabling low back strain and right leg contusions, and claimant was declared to be medically stationary in 1991. In 1993, claimant sought treatment and was diagnosed with back pain, muscle strain, chronic mild lumbar subluxation sprain and sprain complex, and degenerative spinal disease. SAIF denied the compensability of the condition and its responsibility for claimant's current condition. Standard also denied its responsibility for the condition. Claimant requested a hearing, and an administrative law judge (ALJ) concluded that in 1980, SAIF had accepted claimant's degenerative back condition and that claimant had established that his current need for medical treatment was related to that earlier accepted condition. The Board affirmed the ALJ's order, relying on our opinion in *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 881 P2d 180, *rev den* 320 Or 507 (1995) (*Messmer I*). It held that, because SAIF had failed to challenge two determination orders in July 1984 and August

1986, that had included awards for claimant's noncompensable degenerative back condition, it was precluded from denying that claimant's condition was a part of his 1980 accepted back claim.

SAIF sought judicial review, and the parties thereafter jointly moved to remand the case to the Board for reconsideration in the light of intervening 1995 amendments to ORS 656.262(10). On remand, the Board concluded that the 1995 amendments essentially overruled *Messmer I* and permit an insurer to contest the compensability of a condition rated by a closure order, so long as the carrier has not formally accepted that condition.

When it decided this case, the Board did not have before it our opinion in *Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 915 P2d 1053, *rev den* 324 Or 305 (1996) (*Messmer II*). There, we held that the 1995 amendment to ORS 656.262(10) did not affect our holding in *Messmer I*, and that an employer's failure to challenge a determination order precludes the insurer from subsequently contesting the compensability of a condition rated therein. Claimant contends that *Messmer II* controls here, that the Board erred and that SAIF's denial should be set aside.

We agree with claimant. *Messmer I* and *Messmer II* require that the Board's order be reversed and the case be remanded for acceptance of the claim. In a supplemental authority filed after oral argument, SAIF asks us to consider the effect of *Barrett v. D & H Drywall*, 300 Or 325, 709 P2d 1083 (1985), *on recon* 300 Or 553, 715 P2d 90 (1986), on the rule in *Messmer I*. SAIF's argument was not made below, and we decline to consider it.[1]

Reversed and remanded for acceptance of claimant's degenerative back condition.

---

[1] SAIF contends that if the case is to be remanded to the Board, it should be for the limited purpose of permitting the Board to reconsider whether the 1986 determination order reasonably could be understood to have awarded benefits for the degenerative condition. The Board found that the award included benefits for that condition, and SAIF does not cross-petition from the Board's order.