Argued and submitted May 23, reversed and remanded for reconsideration
September 17, 1997

In the Matter of the Compensation of
Patricia A. Landers, Claimant.

BAY AREA HOSPITAL
and Health Future Enterprises,
*Petitioners,*

*v.*

Patricia A. LANDERS,
*Respondent.*

(95-12560; CA A94758)

945 P2d 110

Cynthia A. Wiens argued the cause for petitioners. With her on the brief was Cowling, Heysell, Plouse, Ingalls & Moore.

Benton Flaxel argued the cause for respondent. With him on the brief was Flaxel & Nylander.

Before Deits, Chief Judge, and Edmonds and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Employer petitions for review of an order issued by the Workers' Compensation Board, in which the Board affirmed an administrative law judge's order setting aside employer's partial denial of claimant's chondromalacia condition. We reverse and remand.

This case arises from an aggravation claim that claimant filed with employer for an alleged worsening of the chondromalacia patella condition in her left knee. Claimant had previously suffered an on-the-job injury to her left knee and had filed a claim with regard to that injury, which employer accepted. Claimant suffered intermittent pain in her left knee, and her physician diagnosed her condition as chondromalacia patella in the left knee. Claimant thereafter filed an aggravation claim for that condition, which employer denied on the ground that her chondromalacia patella condition was a preexisting condition that predated her left knee injury, and, therefore, that the worsening of that condition was not caused by the on-the-job injury. The Board concluded that: (1) employer did not accept the chondromalacia patella condition when it accepted her original injury claim; but, (2) under *Deluxe Cabinet Works v. Messmer,* 140 Or App 548, 915 P2d 1053, *rev den* 324 Or 305 (1996) (*Messmer II*), employer was "precluded from contesting the compensability of claimant's chondromalacia patella condition because it did not appeal the orders which awarded permanent disability based, in part, on [that condition]."

Thus, the Board's holding was premised on our analysis in *Messmer II*. After the Board's decision, and after oral argument in this case, the legislature materially amended ORS 656.262(10), the statute at issue in *Messmer II. See* Or Laws 1997, ch 605, § 1. The amended subsection 10 now reads:

"Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof. Payment of permanent disability benefits pursuant to a determination order, notice of closure, reconsideration

order or litigation order, *or the failure to appeal or seek review of such an order or notice of closure,* shall not preclude an insurer or self-insured employer from subsequently contesting the compensability of the condition rated therein, unless the condition has been formally accepted." (New language emphasized.)

That amendment retroactively applies to "all claims or causes of action existing * * * on the effective date of this Act * * *." Or Laws 1997, ch 605, § 2.

The amendment may well affect the Board's rationale for setting aside the employer's denial. Consequently, we reverse and remand to the Board to consider the effect of that amendment.

Reversed and remanded for reconsideration in the light of *amended* ORS 656.262(10).