In the Matter of the Compensation of
Nevay K. Frymire, Claimant.

# LIBERTY NORTHWEST INSURANCE CORPORATION
and Sherman Brothers, Inc.,
*Petitioners,*

*v.*

Nevay K. FRYMIRE,
*Respondent.*

(WCB No. 96-02796; CA A95508)

950 P2d 325

David O. Wilson argued the cause and filed the brief for petitioners.

Robert J. Guarrasi argued the cause and filed the brief for respondent.

LANDAU, J.

Affirmed.

**LANDAU, J.**

Employer and its insurer seek review of an order of the Workers' Compensation Board (Board) holding that employer is required to pay spousal death benefits to claimant on the basis of a 1987 determination order that employer failed to appeal. The 1987 determination order required employer to pay benefits to "beneficiaries" of a worker, Kenneth Frymire. Employer and insurer now contend, because claimant was not married to Frymire at the time of his death and thus was not a "beneficiary," they are not precluded from challenging the extent to which she is entitled to continued benefits under the terms of that order. We agree with the Board that employer and insurer are precluded from challenging claimant's entitlement to continued spousal death benefits and affirm.

The facts are not in dispute. Claimant once was married to Vernon Lee Marshall. Claimant and Marshall separated. Some time after that, claimant and Kenneth Frymire began living together. Claimant initiated divorce proceedings, but Marshall "disappeared." Meanwhile, claimant and Frymire had a child and, not long after, were expecting a second. The parties finally located Marshall and, on November 12, 1986, claimant once again initiated divorce proceedings, asking for expedited consideration given the impending delivery of the second child. On November 24, 1986, Frymire was killed in an employment-related accident.

Following the accident, employer's insurer informed claimant that she would be entitled to spousal benefits. Claimant told the insurer that the divorce had not yet become final. Insurer paid spousal benefits anyway. The divorce became final in December 1996, and copies of the dissolution judgment were sent to insurer. Insurer continued paying spousal benefits to claimant.

On February 23, 1987, insurer sent a Form 1502 to the Workers' Compensation Department indicating that the claim for benefits arising from Frymire's death is "accepted" and that "[w]idow and dependent benefits [are] being paid." A determination order followed, ordering insurer to pay "to the beneficiaries" benefits for Frymire's death. Insurer did

not appeal that determination order, and, for the next nine years, insurer continued to pay claimant benefits as Frymire's widow.

In February 1996, insurer issued a partial denial, on the ground that claimant never was entitled to spousal death benefits. According to insurer, ORS 656.204 requires the payment of spousal support benefits only "[i]f the worker is survived by a spouse," and, in this case, Frymire and claimant were not married at the time of Frymire's death. Thus, although claimant survived Frymire, she did not do so as a spouse and is not entitled to benefits.

An administrative law judge (ALJ) held that insurer had accepted a claim for spousal death benefits in 1987 and therefore is precluded from denying the claim now. The Board rejected the ALJ's finding that insurer accepted the claim. It nevertheless held that insurer was precluded from denying the claim, because the 1987 determination order "specifically directed the insurer to pay spousal benefits" to claimant, and insurer failed to appeal that determination order.

■■ On review, employer and insurer contend that the Board erred, because the 1987 determination order does not expressly direct insurer to pay *spousal* benefits, only that insurer pay benefits to Frymire's *beneficiaries*. Because the order did not specify the persons who were entitled to benefits, they argue, they are not precluded now from challenging claimant's right to receive benefits under the terms of that order. We disagree. In the light of the facts undisputedly known to the insurer and the Workers' Compensation Division (Division) at the time of the issuance of the 1987 determination order—including the Form 1502 that specifically stated to the Division that insurer was paying spousal benefits to claimant—it cannot reasonably be contended that the reference to "beneficiaries" in the order did not include claimant. The fact that insurer itself continued paying spousal benefits to her for the next nine years bears out the point. Given that insurer failed to appeal that determination order, it is precluded from challenging it now. *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 257-58, 881 P2d 180 (1994), *rev den* 320 Or 507 (1995).

We note that, during the pendency of this matter, the legislature enacted amendments to ORS 656.262(10) that provide that the failure to appeal or seek review of a determination order that requires the payment of disability benefits "shall not preclude an insurer or self-insured employer from subsequently contesting the compensability of the condition rated therein." Or Laws 1997, ch 605, § 1. The amendments apply retroactively. Or Laws 1997, ch 605, § 4. *See generally Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 or 645 (1996). Employer and insurer, however, do not argue that the amendments apply to this case. In any event, it is clear that the amendments apply only to challenges to the compensability of rated conditions, and death is not a rated condition.

Affirmed.

**RIGGS, P. J.,** dissenting.

Because I believe that the majority's holding is inconsistent with the applicable statutes and with our case law, I dissent.

During her cohabitation with Frymire, claimant was married to Marshall. That marriage was dissolved after Frymire's death, on January 3, 1987, and claimant then changed her name from Nevay McManus to Nevay K. Frymire.

In December 1986, insurer began paying spousal and dependent death benefits pursuant to ORS 656.204[1] to claimant and her daughter. Between January 14, 1987, and

---

[1] ORS 656.204 provides, in part:

"If death results from the accidental injury, payments shall be made as follows:

"(1) The cost of burial, including transportation of the body, shall be paid, not to exceed 10 times the average weekly wage in any case.

"(2)(a) If the worker is survived by a spouse, monthly benefits shall be paid in an amount equal of 4.35 times 66-2/3 percent of the average weekly wage to the surviving spouse until remarriage. The payment shall cease at the end of the month in which the remarriage occurs.

"(b) *If the worker is survived by a spouse, monthly benefits also shall be paid in the amount equal to 4.35 times 10 percent of the average weekly wage for each child of the deceased until such child becomes 18 years of age.*" (Emphasis supplied.)

April 2, 1987, insurer noted on three separate forms, including the Forms 801, 1502 and 1503, that the claim was "accepted." The Form 801 is the claim form completed by employer on December 11, 1986. It identifies Frymire as an employee who was fatally injured in the course of his employment. The form contains a check-the-box notation indicating that the claim is "accepted." The Form 1502 is the insurer's report to the Department of Consumer and Business Services concerning the status of the claim. The parties have stipulated that a Form 1502, filed in January 1987, placed a claim for death benefits in "deferred" status and that there was never an express acceptance of a claim for death benefits. A second Form 1502 was filed with the Department on February 23, 1987, indicating by check-the-box notations that the claim of "Kenneth D. Frymire" is "accepted" and that no temporary compensation is due. In the "explanation" portion of the form, insurer typed:

"cc: Kenneth D. Frymire

"Widow and dependent benefits being paid.

"Claim originally deferred, now accepted."

The Form 1503, the determination request, filed with the Department on April 2, 1987, indicates by check-the-box notation that the claim is "accepted," with payment of medical benefits totaling $3,454. The determination order of April 13, 1987, stated:

"The Department is advised that Kenneth D. Frymire was fatally injured while covered under the Oregon Workers' Compensation Law. The Department orders the insurer to pay, to the beneficiaries, benefits for fatal injury."

Insurer did not appeal that determination order and paid death benefits to claimant, including spousal benefits and dependent benefits, until February 1996, when it issued the partial denial involved here, on the ground that claimant was not entitled to further spousal death benefits because she was married to Marshall at the time of Frymire's death. The denial stated that insurer would continue to pay dependent death benefits to Frymire's children.

An administrative law judge (ALJ) held that, although claimant was not a person entitled to benefits

under ORS 656.204 or ORS 656.226,[2] through its conduct in paying benefits and issuing forms with the notation "accepted," insurer had accepted the claim for spousal death benefits and was therefore precluded from denying those benefits. The Board rejected the ALJ's finding that insurer's conduct was an acceptance of a claim for spousal death benefits. In the first place, the Board reasoned, the payment of benefits in and of itself does not constitute acceptance of a claim for spousal benefits. ORS 656.262(10). Additionally, it found, the notations of acceptance on the Forms 801, 1502 and 1503 do not demonstrate specific acceptance of a claim for spousal death benefits.

The Board's findings are supported by substantial evidence and are also correct as a matter of law. The Form 801 does not indicate acceptance of a claim for spousal death benefits. The Forms 1502 and 1503 report the status of the claim to the Department and cannot be treated as notification to claimant that the claim is accepted. *EBI Ins. Co. v. CNA Insurance*, 95 Or App 448, 769 P2d 789 (1989).

The Board held, nonetheless, that because insurer did not appeal from the 1987 determination order, which it said had "specifically directed the insurer to pay spousal benefits" to claimant, it was precluded, under the rule stated in *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 881 P2d 180, *rev den* 320 Or 507 (1995), from denying the claim. In that case, we held that, when a determination order includes an award for a condition that has not been accepted, and the insurer fails to request a hearing on the determination order, the insurer's failure to challenge the determination order on the ground that it includes an award for a noncompensable condition precludes the insurer from contending later that the condition is not part of the compensable claim. *Id.* at 258.[3]

---

[2] ORS 656.226 provides:

"In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by one or the other as a subject worker, and children are living as a result of that relation, the surviving cohabitant and the children are entitled to compensation under this chapter the same as if the man and woman had been legally married."

[3] I agree with the majority's holding with regard to the effect of 1997 legislative changes to ORS 656.262(10).

Here, the majority holds that the determination order must be understood to award spousal benefits. With that conclusion I disagree. Contrary to the Board's findings, the determination order did not direct insurer to pay *spousal* death benefits. It merely ordered that insurer pay benefits to Frymire's *beneficiaries*. ORS 656.005(2) defines "beneficiary" as "an injured worker, and the husband, wife, child or dependent of a worker, *who is entitled to receive payment under* [chapter 656]." (Emphasis supplied.) The order did not specify which persons were beneficiaries entitled to compensation and accordingly did not determine that claimant was a beneficiary entitled to receive spousal death benefits under ORS chapter 656. Because claimant was married to Marshall at the time of Frymire's death, she was not a beneficiary under ORS 656.204 or ORS 656.226.

The Form 1502, on which the majority relies to bolster its conclusion, was merely a status report to the Department and not related to the determinational order. As we have said, it cannot form the basis for an acceptance. *EBI Ins. Co.* Not even the Board relied on the Form 1502 in support of its finding that the determination order made an award of spousal benefits. It looked merely to the language of the order itself, which, as we have noted, was not specific as to the type of death benefits that were to be paid.

The determination order cannot reasonably be understood to award spousal death benefits. Accordingly, I would hold that insurer's failure to appeal from the determination order awarding death benefits to Frymire's "beneficiaries" does not preclude its present denial of a claim for spousal death benefits. I would hold that the Board therefore erred in affirming the ALJ's order setting aside insurer's denial of spousal or cohabitant death benefits, and accordingly I dissent.

Warren and Leeson, JJ., join in this dissent.