Argued and submitted May 8, reversed and remanded July 22, 1998

In the Matter of the Compensation of
Barbara J. Lloyd, Claimant.

KMART CORPORATION,
*Petitioner,*

*v.*

Barbara J. LLOYD,
*Respondent.*

(94-00752; CA A97660)

963 P2d 734

Karen O'Kasey argued the cause for petitioner. With her on the brief was Schwabe, Williamson & Wyatt.

Meagan Flynn argued the cause for respondent. With her on the brief was Pozzi Wilson Atchison, LLP.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Warden, Senior Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

In this review from a Workers' Compensation Board's order on remand, employer urges application of ORS 656.262(10)[1] as amended in July 1997, to reverse the Board's ruling that employer is barred from denying claimant's right knee condition. Claimant raises a constitutional challenge to the amendment under the Equal Privileges and Immunities Clause, Article I, section 20, of the Oregon Constitution. We reject the challenge and reverse and remand based on the retroactive application of ORS 656.262(10).[2]

In April 1986, claimant stepped in a hole in employer's parking lot and injured a toe on her left foot. Claimant filed a claim for the injury, and employer accepted the claim. Claimant began experiencing right knee pain in November 1986 and eventually was diagnosed with, a "permanent impairment of her right knee due to medial compartment degenerative change and chondromalacia." The chondromalacia occurred because of an abnormal walking gait caused by claimant's left foot injury. According to the medical records, the medial compartment degenerative process began before 1986. In June 1987, the cartilage in claimant's right knee was shaved. The claim was closed in November 1987 followed by a determination order for, "5 PERCENT LOSS OF YOUR RIGHT LEG (KNEE)." Neither party appealed the determination order.

---

[1] ORS 656.262(10), as amended, provides:

"Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof. Payment of permanent disability benefits pursuant to a determination order, notice of closure, reconsideration order or litigation order, *or the failure to appeal or seek review of such an order or notice of closure,* shall not preclude an insurer or self-insured employer from subsequently contesting the compensability of the condition rated therein, unless the condition has been formally accepted." (Emphasis supplied to indicate the 1997 amendment made by House Bill 2971.)

[2] Oregon Laws 1997, chapter 605, section 2, provides:

"Notwithstanding any other provision of law to the contrary, the amendments to ORS 656.262 by section 1 of this Act apply to all claims or causes of action existing or arising on or after the effective date of this Act regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive."

Claimant sought treatment again in November 1992. At that time, claimant was diagnosed with having a loose fragment in the right knee, advanced arthritis and a possible degenerative medial meniscus tear. In March 1993, a total knee replacement was recommended by her physician due to claimant's degenerative arthritis. By then, claimant's aggravation rights under her 1986 claim had expired, and the Board considered the recommendation on its own motion. Employer contested the compensability of the knee replacement, and claimant requested a hearing.

After the hearing, the administrative law judge (ALJ) set aside employer's denial. The Board reversed, holding that claimant's medical evidence did not demonstrate that the compensable foot injury was a major contributing cause of the existing knee condition and that under the 1995 amendments to ORS 656.262, employer's denial was not barred simply because it had failed to appeal the determination order. After the Board's decision, we interpreted ORS 656.262(10) (1995) to mean that the failure to appeal a determination order still barred a subsequent denial of a condition for which permanent disability had been paid. *Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 915 P2d 1053, *rev den* 324 Or 305 (1996) (*Messmer II*). Claimant sought review from the Board's decision, arguing that the denial was barred under *Messmer II*.[3]

We remanded the case back to the Board for reconsideration under *Messmer II*. *Lloyd v. K-Mart Corp.*, 146 Or App 383, 933 P2d 379 (1997). On remand, the Board held that employer was barred from denying the claim for the total knee replacement and degenerative arthritis under *Messmer II* because it had not appealed the 5 percent award granted to the claimant in 1987. After employer sought review, the legislature again amended ORS 656.262(10) and made the changes applicable to any claim existing on July 25, 1997.

Claimant concedes that the 1997 amendment to ORS 656.262(10) applies to her claim and that it requires reversal

---

[3] Claimant did not challenge the Board's holding that the medical evidence failed to establish that the major contributing cause of claimant's knee condition was the accepted injury.

of the Board's order unless the statute is unconstitutional under Article I, section 20, of the Oregon Constitution. Section 20 provides: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which," upon the same terms, shall not equally belong to all citizens." In order to prevail on an Article I, section 20, challenge, claimant must show

> "(1) that another group has been granted a 'privilege' or 'immunity' which [her] group has not been granted, (2) that [the statute at issue] discriminates against a 'true class' on the basis of characteristics which [the class has] apart from that statute * * *, and (3) that the distinction between the classes is either impermissibly based on persons' immutable characteristics, which reflect 'invidious' social or political premises, or has no rational foundation in light of the state's purpose." *Jungen v. State of Oregon*, 94 Or App 101, 105, 764 P2d 938 (1988), *rev den* 307 Or 658, 772 P2d 1341 (1989) (citations omitted).

■      The first issue is whether ORS 656.262(10) grants insurers and self-insured employers a privilege or immunity within the meaning of section 20. The statute creates an exception to the doctrine of claim preclusion for employers. The doctrine of claim preclusion applies in workers' compensation cases when there is an opportunity to litigate an issue before a final determination and the party against whom the doctrine could be applied fails to litigate the issue. *Drews v. EBI Companies*, 310 Or 134, 140, 142, 795 P2d 531 (1990). As a court-made doctrine, claim preclusion works to achieve finality in disputes by preventing parties from raising a claim after a final determination has been made and the judicial review rights concerning that determination have expired or been exhausted. *Id.* at 141. Claim preclusion has been applied to insurers, employers and workers in workers' compensation proceedings.[4] However, the legislature has the

---

¹ *See, e.g., Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 915 P2d 1053, *rev den* 324 Or 305 (1996) *(Messmer II)* (employer precluded from challenging compensability of conditions after compensation has been awarded when employer failed to request a hearing to contest compensability); *Hammon Stage Line v. Stinson,* 123 Or App 418, 859 P2d 1180 (1993) (worker precluded from challenging calculation of award when worker failed to request a hearing on the determination order); *Popoff v. J.J. Newberrys*, 117 Or App 242, 843 P2d 1003 (1992) (worker barred by claim preclusion from asserting claims from medical services when worker failed to request a hearing after employer's denial).

authority to create exceptions to the doctrine by enacting statutory provisions or valid rules that a determination will not preclude another action or proceeding on the same claim. *Id.* at 141-42. Such an exception for employers exists under the 1997 amendment to ORS 656.262(10).

Whether the statute grants employers a privilege or immunity within the meaning of section 20 is discernible by comparing it to other "privileges or immunities," as well as by analyzing its legal effect. We have held an exemption from administrative regulations to be an "immunity" within the meaning of section 20, *Northwest Advancement v. Bureau of Labor*, 96 Or App 133, 142, 772 P2d 934, *rev den* 308 Or 315, 779 P2d 618 (1989), and the Supreme Court has broadly defined the word "privilege" in section 20 to include the ability to recover tort damages from a governmental body. *Hale v. Port of Portland*, 308 Or 508, 524, 783 P2d 506 (1989). *See also State v. Day*, 84 Or App 291, 294-95, 733 P2d 937, *rev den* 303 Or 535, 738 P2d 977 (1987) (holding that eligibility to apply for a driver's license is a privilege); *Mid-County Future Alt. v. Port. Metro. Area LGBC*, 82 Or App 193, 728 P2d 63, *modified on other grounds* 83 Or App 552, 733 P2d 451 (1987) (holding that the advantage of using special annexation procedures conferred a privilege under section 20). It is a tenable conclusion that the statutory authority to deny subsequently the compensability of a condition that is part of an unappealed determination order or notice of closure puts employers in a privileged position and that ORS 656.262(10) confers a privilege to employers that workers do not enjoy within the meaning of section 20.

██ The second issue is whether ORS 656.262(10) discriminates against a "true class." A "true class" for purposes of section 20 is a group of persons whose characteristics or status are not created by the challenged law but exist as a result of antecedent characteristics or status. *Hale,* 308 Or at 525. Classes created by the challenged law itself "are entitled to no special protection and, in fact, are not even considered to be classes for the purposes of Article I, section 20." *Sealey v. Hicks*, 309 Or 387, 397, 788 P2d 435 (1990). In *Sealey,* the court held that a "true class" distinction existed, for purpose of a section 20 challenge to a statute of repose, consisting of persons injured by products and those injured by other

causes. 309 Or at 397. The distinction was not created by the challenged law itself but by antecedent characteristics of the injured parties. It can reasonably be argued that the reasoning in *Sealey* is applicable to the facts here.[5] Although "subject worker" is specifically defined in ORS 656.027, workers were a class before the enactment of the workers' compensation law. Common law has long recognized the distinction between masters and servants. *See, e.g., Peeples v. Kawasaki Heavy Indust., Ltd.*, 288 Or 143, 146-47, 603 P2d 765 (1979). Claimant is part of a class of persons who are set apart by the fact that they work for another, a characteristic that they bring to the workplace and one not created by the challenged statute.

Assuming without deciding that claimant has satisfied the first two requirements of section 20, the third and final issue is whether the distinction that the legislature has made in ORS 656.262(10) between employers and workers has any rational foundation. Claimant argues that a provision granting employers a privilege not granted on comparable terms to workers is not rationally related to the policies undergirding the workers' compensation system and that it is inconsistent with the goal of creating an impartial and balanced compensation process. *See* ORS 656.012.[6]

---

[5] *See also Eckles v. State of Oregon*, 306 Or 380, 387, 760 P2d 846 (1988) (private claimants are not a true class when compared with SAIF claimants); *State ex rel Huddleston v. Sawyer*, 324 Or 597, 609-10, 932 P2d 1145 (1997) (offenders whose Measure 11 mandatory minimum sentence is either less or greater than maximum guideline sentences are not a true class).

[6] ORS 656.012 provides, in part:

"(1) The Legislative Assembly finds that:

"* * * * *

"(b) The method provided by the common law for compensating injured workers involves long and costly litigation, without commensurate benefit to either the injured workers or the employers, and often requires the taxpayer to provide expensive care and support for the injured workers and their dependents; and

"* * * * *

"(2) In consequence of these findings, the objectives of the Workers' Compensation Law are declared to be as follows:

"(a) To provide, regardless of fault, sure, prompt and complete medical treatment for injured workers and fair, adequate and reasonable income benefits to injured workers and their dependents;

"(b) To provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and

■ Under section 20, the legislature has the authority to decide what changes and procedures best address the problem of compensating injured workers so long as its decision is not irrational or "based on immutable personal characteristics, such as race or gender." *Jungen*, 94 Or App at 105. An inconsistency within or among legislative statutes is not enough to hold a statute invalid under section 20. Rather, the distinctions created between classes under the legislation must fail to have any rational basis. As we have said before, "We will not hold [a statute] invalid 'if any state of facts reasonably may be conceived to justify it.' " *Day*, 84 Or App at 294 (quoting from *Brown v. Portland School Dist. #1*, 48 Or App 571, 567, 617 P2d 665 (1980), *rev'd on other grounds* 291 Or 77, 628 P2d 1183 (1981)). We look both to the language of ORS 656.262 (10) and to its legislative history to determine whether there is a rational basis for the amendment.

ORS 656.262(10) pertains to the legal effect of the payment of permanent disability benefits on subsequent conditions. Consistent with the statutory objectives in ORS 656.012, the legislature could have rationally decided that the 1997 amendment would result in decreased litigation and prompter compensation for permanent disability. The following testimony before the House Labor Committee on the proposed amendment makes the point:

"[C]urrent interpretation of the law increases litigation by forcing employers to appeal orders they normally would not. This increased litigation has negative effects for both employers and workers.

"This bill restores balance and fairness by allowing the issue of compensability for conditions not accepted to be based on medical evidence, when and if a need for treatment arises. It removes the presumption of compensability based on the fact that an employer chooses not to litigate every determination order that may have included an unrelated item in the rating of permanent disability.

---

eliminates the adversary nature of the compensation proceedings, to the greatest extent practicable;

"* * * * *

"(3) In recognition that the goals and objectives of this Workers' Compensation Law are intended to benefit all citizens, it is declared that the provisions of this law shall be interpreted in an impartial and balanced manner."

"* * * * *

"This bill restores stability to the system by reducing litigation to only those claims that in the future require treatment for an unaccepted condition. These claims for services will be judged, as they should be, on their merit and not on some incidental payment pursuant to a determination order." Testimony, House Labor Committee, HB 2971, April 22, 1997, Ex A.

We conclude that the text of the 1997 amendment to ORS 656.262(10) and its underlying legislative history demonstrates a rational basis for the distinction under the Equal Privileges and Immunities Clause of the Oregon Constitution. Accordingly, we reverse the Board's order on remand that concludes that employer is precluded from denying compensability, and we remand to the Board for reconsideration.

Reversed and remanded.