RICHARDSON, P. J.
Defendant appeals his conviction for driving under the influence of intoxicants. He assigns error to the trial court’s denial of his pretrial motion to suppress evidence obtained as a result of two allegedly illegal stops. We affirm.
We summarize the facts from testimony presented at the suppression hearing. A Bend police officer was dispatched on a bicycle to patrol a commercial district that had been the scene of several burglaries during early morning hours. At about 4:30 a.m., he saw defendant in a parked car either leaning against the driver’s window or slouched down in the front seat. The officer could not determine whether defendant was sleeping or trying to hide from him, and he decided to investigate. He approached the car and knocked on the window. Defendant opened the window, and they engaged in conversation for what the officer described as a “brief period.” At some point during that conversation, the officer asked defendant for identification. Defendant handed the officer his driver’s license and told him that he had had too much to drink that evening and had decided to sleep it off. The officer had thought at the outset of the conversation that defendant was “very intoxicated” and advised him not to drive. He also offered to call a taxi, but defendant refused. The officer returned defendant’s identification and continued his patrol.
About two hours later, the officer saw defendant driving his car in downtown Bend. He rode the bicycle to the nearby police station and obtained a patrol car. He pursued defendant until he caught up with him, stopped him and arrested him for DUII.
The key to defendant’s argument is the theory that his first encounter with the officer when he was parked on the street became a “stop” under ORS 131.615 when he was questioned and asked for his identification. Because there was no objective basis for the officer to believe that he had committed a crime, he contends that it was an unlawful stop which requires suppression of all information the officer obtained. The second stop, he argues, is unlawful, as well as is the subsequent arrest, because they were both based on illegally obtained information. See State v. Painter, 296 Or 422, 676 P2d 309 (1984).
*245 In Pooler v. MVD, 306 Or 47, 755 P2d 701 (1988), the court discussed the link between an allegedly unlawful stop and the validity of an attendant arrest. It said:
“A stop may produce the evidence which forms the basis for probable cause for an arrest. Accordingly, an unlawful stop may ‘invalidate’ an ensuing arrest, but only through the exclusion of evidence garnered from the stop.” 306 Or at 52.
In that case, the reason for the arrest, as opposed to the reason for the stop, was that the officer saw the driver operating his vehicle and observed that he was intoxicated after he was stopped. The fact that the officer saw the accused driving was not excludable; it had no relationship to the stop. Consequently, the only evidence critical to the arrest that was obtained after the stop was the sensory perception of the officer that the defendant was intoxicated. That evidence was excludable, the court held, because it was garnered by means of the unlawful stop. The state conceded that the stop was unlawful at its inception, because there was no objective basis to believe that the driver had committed a crime.
In this case, as in Pooler, the critical information to support the second encounter which produced defendant’s arrest was that defendant was intoxicated. However, unlike in Pooler, that information was obtained by the officer at the beginning of the encounter when defendant rolled down the car’s window, which was before the officer asked for some identification. Consequently, even if the encounter became an unlawful “stop” when the officer sought the identification, as suggested in State v. Painter, supra, the information derived from that stop was not material to the second stop and the arrest. Even if defendant’s identification, which is the only evidence arguably derived by unlawful means, is excluded, the arrest and immediately preceding stop are not affected. The court properly denied defendant’s motion to exclude evidence.
Affirmed.