Argued and submitted September 2, 1992, reversed and remanded for
reconsideration November 17, 1993

In the Matter of the Compensation of
Howard R. Seney, Claimant.

SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

Howard R. SENEY,
*Respondent.*

(WCB 90-10386; CA A73284)

863 P2d 528

Karen O'Kasey argued the cause for petitioner. With her
on the brief was Schwabe, Williamson & Wyatt.

Michael C. Baxter argued the cause for respondent. With
him on the brief was Clayton H. Morrison.

Before Richardson, Chief Judge, and Deits and Durham,
Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Employer seeks review of a Workers' Compensation Board order which affirmed the referee's holding that claimant's shoulder claim was not barred by a previous settlement.[1] We review for errors of law and substantial evidence, ORS 656.298(6), ORS 183.482(7), (8), and reverse.

Claimant compensably injured his right shoulder in December, 1982, while working as a truck driver for employer. As a result of his injury, he also suffered symptoms in his neck and left shoulder. He filed a claim that was accepted and processed to closure. Because of continued exacerbations of his symptoms, the claim was reopened several times. In May, 1989, a determination order was issued declaring claimant medically stationary and awarding nine percent permanent partial disability and a two percent award for loss of use of his right arm. Claimant timely requested a hearing, arguing that the claim was prematurely closed and that he was entitled to additional temporary and permanent disability benefits.

Over the next several months, claimant and employer engaged in settlement negotiations. One of the issues discussed was the possibility of future aggravation claims. In November, 1989, during the negotiations, claimant injured his left shoulder at work. Claimant's physician diagnosed his symptoms as being a temporary aggravation of the old injury. Claimant's counsel informed employer's counsel of the physician's diagnosis and requested temporary disability benefits. On December 18, employer informed claimant that it believed his aggravation rights had expired and that it would not pay time loss benefits for his November, 1989, injury on the basis of the information it had from his physician. Employer also notified the Board that it was denying the reopening of claimant's claim for time loss benefits. On February 27, 1990, the parties signed and the referee approved a stipulation resolving claimant's appeal of the determination order. The stipulation provided, in part:

---

[1] The Board's order also affirmed the referee's award of penalties for unreasonable claims processing and reduced the referee's award of attorney fees. Employer does not assign error to either of these conclusions by the Board.

"IT IS HEREBY ORDERED that the claimant be and he is hereby awarded additional compensation for 10% unscheduled permanent partial disability equal to 32 degrees for the injury of December 28, 1982, said award amounting to $3,200, and payment therefore to be made in a lump sum, and

"* * * * *

"IT IS FURTHER ORDERED that this stipulation resolves all issues which were raised or which could have been raised by either party on or before the date this settlement is approved by a Referee, and

"* * * * *

"IT IS FURTHER ORDERED that claimant's request for hearing be and it is hereby dismissed with prejudice as to all issues which were raised or which could have been raised."

On March 5, 1990, claimant's physician reversed his previous opinion and stated that claimant's November, 1989, episode was in fact a new injury. Claimant requested time loss benefits from employer and, when he did not receive them, he requested a hearing. In June, 1990, employer denied compensability of the claim on the basis of the February settlement agreement. The referee concluded that the stipulation did not bar the new injury claim, because there had not been a "meeting of the minds" regarding the new injury issue. The Board affirmed.[2]

■■ Employer argues that the new injury claim is barred by the stipulation, because it was an issue "which could have been raised" before the approval of the settlement. ORS 656.236[3] allows the compromise and release of all matters regarding a claim, except for medical benefits, when approved by the Board. The settlement of workers' compensation claims is favored. *See Kasper v. SAIF*, 93 Or App 246, 250, 761

---

[2] The Board supplemented the referee's findings regarding the nature of claimant's injury and discussed a contention raised by the employer below, but not on appeal. Neither of these additions is pertinent to our discussion.

[3] ORS 656.236(1) provides, in pertinent part:

"The parties to a claim, by agreement, may make such disposition of any or all matters regarding a claim, except for medical services, as the parties consider reasonable, subject to such terms and conditions as the director may prescribe. Any such disposition shall be filed for approval with the board."

P2d 1345 (1988). By the terms of their settlement, the parties settled all issues that were raised or that could have been raised before the settlement was approved. During the negotiations, claimant suffered what both parties believed to be an aggravation of the prior injury. Claimant sought treatment for his condition and requested benefits. Employer denied the benefits for his condition well before the settlement was approved. At this point, claimant was on notice that there was a problem with the compensability of his injury. He did not seek additional consultation regarding his injury, nor did he appeal employer's denial. Both employer and claimant believed that the November injury was covered by the settlement. Regardless of whether claimant's November injury was characterized as an aggravation or as a new injury, his condition and the compensability of a potential claim were at issue during the negotiations and before approval of the settlement. Claimant may not escape his bargain by recharacterizing his claim after the fact.

Reversed and remanded for reconsideration.