Argued and submitted September 14, 1993, reversed and remanded for entry of order denying claim January 19, 1994

In the Matter of the Compensation of
Joyce E. Stoddard, Claimant.

GOOD SAMARITAN HOSPITAL,
*Petitioner,*

*v.*

Joyce E. STODDARD,
Albertina Kerr Center,
Liberty Northwest Insurance Corporation
and Fred Meyer, Inc.,
*Respondents.*

(91-14419, 90-20316, 91-03626; CA A78338)

867 P2d 543

Eli D. Stutsman, argued the cause for petitioner. With him on the brief were Janet M. Schroer, Delbert J. Brenneman and Hoffman, Hart & Wagner.

Michael R. Dehner argued the cause for respondent Joyce E. Stoddard. With him on the brief were Daniel J. DeNorch, Merrill Schneider, and Schneider, DeNorch & Galvaviz-Stoller.

Bruce L. Byerly argued the cause for respondent Fred Meyer, Inc. With him on the brief was Moscato, Byerly & Skopil.

James D. McVittie waived appearance for respondents Albertina Kerr Center and Liberty Northwest Insurance Corporation.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Employer, Good Samaritan Hospital, seeks review of a Workers' Compensation Board order that affirmed the referee's holding that claimant's wrist claim was not barred by a previous settlement claiming that the Board committed legal error.[1] We reverse.

■     These facts found by the referee and adopted by the Board are supported by substantial evidence. On January 6, 1990, while claimant was working for employer as a nurse's assistant, her right wrist was injured when a patient grabbed it and bent it backward. Claimant's physician, Dr. Brown, and her treating orthopedist, Dr. Cohen, diagnosed the injury as a wrist strain. Cohen noted that claimant had some pain in her right forearm after this injury. Claimant filed a claim, which employer accepted in March, 1990.[2] Claimant reinjured her wrist in April, 1990, while she was working as a clerk at Fred Meyer. Cohen diagnosed claimant's injury as a strain, and Fred Meyer accepted the claim.[3] In July, 1990, Cohen noted that claimant was continuing to have pain in her right forearm and scheduled her for diagnostic tests. On September 10, 1990, Cohen reported to employer that claimant had a probable radial nerve entrapment condition and on September 26, 1990, he requested authorization for surgery from employer's claim processor.

On September 26, 1990, employer and claimant entered into a stipulated settlement concerning the accepted wrist claim, which was approved by the Board on October 26, 1990. It provided, in part:

> "For purposes of ORS 656.273, the date this settlement document is approved by a referee shall constitute the last award or arrangement of compensation for the claimant on the January 6, 1990 accepted right wrist claim. *That claim*

---

[1] The Board's order also affirmed the referee's denial of penalties, award of attorney fees, and denials of the same condition issued by Albertina Kerr Center, Liberty Northwest Insurance Corporation and Fred Meyer, Inc. There are no assignments of error relating to those issues and the only parties on review are claimant and Good Samaritan Hospital.

[2] Claimant also filed a psychological stress claim, which employer denied. That claim is not at issue on review.

[3] Issues concerning the injury that occurred while claimant was working at Fred Meyer are not involved here.

*will remain in a closed status with all issues which were raised or which could have been raised on or before the date of this settlement is approved by a referee, having been resolved with prejudice.*" (Emphasis supplied.)

Four days after the settlement was approved, claimant requested a hearing concerning her nerve condition, even though employer had not formally denied Cohen's request for authorization for surgery. In its response to claimant's request, employer contested the compensability of and its responsibility for the nerve condition. The referee concluded that the nerve condition was caused by claimant's January 6, 1990, injury, and assigned responsibility to employer. Employer contended that claimant was barred from asserting the nerve condition claim, because that claim was settled as part of the October 26, 1990 settlement. The referee rejected employer's argument and ordered it to accept the condition.

On review, the Board affirmed, stating:

"Claimant waived her right to claim the compensability of her right radial nerve entrapment condition against [employer] only if she intended to waive that right when she signed the stipulation. Although her treating physician had diagnosed the condition and requested medical services at the time of the stipulation, [employer] had not yet stated its intention whether it would authorize the surgery or deny the September 1990 claim. Because the statutory scheme does not permit a hearing on the compensability of a claim prior to an acceptance or denial * * *, the compensability of her nerve entrapment condition against [employer] was not yet ripe and, thus, could not have been waived."

On review, employer says that the Board erred as a matter of law in construing the terms of the settlement and argues that claimant's nerve condition is encompassed by its terms, because it was an issue raised or raisable before the settlement was approved.

■■ Neither party argues that the language of the settlement is ambiguous. When an agreement is unambiguous, its interpretation is as a matter of law, *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978), and we must decide whether the Board made a legal error when it construed the agreement. We understand the Board's reasoning to be that a denial by employer was a legal

predicate before claimant could be held to have settled the claim for her nerve condition. We disagree. The correct inquiry is whether claimant's condition and its compensability could have been negotiated before approval of the settlement. *See Safeway Stores, Inc. v. Seney*, 124 Or App 450, 454, 863 P2d 528 (1993). The settlement expressly states that the January 6, 1990, accepted right wrist claim "will remain in a closed status with all issues which were raised or which could have been raised on or before the date of this settlement is approved by a referee, having been resolved with prejudice." The agreement settles all issues that relate to the January, 1990, injury that could have been raised before October 26, 1990. The Board found that claimant's nerve condition was related to the January, 1990, injury and that Cohen had diagnosed the condition and requested medical services at the time the settlement was signed by the parties. Based on those findings, claimant's nerve condition was an issue that could have been raised before October 26, 1990, and, therefore, her claim is barred by the settlement agreement.

Reversed and remanded for entry of order denying claim.