Argued and submitted January 29, reversed and remanded March 6, 1996

In the Matter of the Compensation of
Christopher J. Kaufman, Claimant.

## D & D COMPANY
and Farmers Insurance Company,
*Petitioners,*

*v.*

## Christopher J. KAUFMAN,
*Respondent.*

(94-03382; CA A87983)

912 P2d 411

Jerald P. Keene argued the cause for petitioners. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C.

Floyd H. Shebley argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Employer seeks review of a Workers' Compensation Board order holding that claimant's claim for a middle and low back condition was not barred by a Claim Disposition Agreement (CDA). We reverse.

Claimant, a truck driver, compensably injured his middle and low back on April 3, 1992, in a collision with an automobile. Claimant received time loss benefits for five days and then returned to regular work. The claim was closed on July 16, 1992, with no award for permanent disability.

On August 12, 1992, claimant lifted a water cooler at work and again injured his middle and low back. He was treated by Dr. Long and a nurse practitioner. He started missing work on August 22 because of that injury. On August 31, employer notified claimant and the Department of Business and Consumer Services that, pending an investigation, it was classifying the August 12 claim as an aggravation of the April 3 claim. Without objection from claimant, it reopened the claim using the claim number that had been assigned to the April 3 claim and began paying interim time loss benefits.

On December 22, 1992, claimant signed a CDA that had been drafted by his attorney. It released his rights to permanent disability, vocational rehabilitation, survivor benefits and all other rights except medical services for the April 3, 1992, injury claim. The agreement specified that "[t]his claim has not been closed," and that "[t]he worker has not been able to return to the workforce."

On January 28, 1993, while awaiting approval of the CDA by the Board, employer sent claimant a formal notice of acceptance of the August claim as an aggravation of the April 3 claim. The Board approved the CDA on February 1, 1993, at which time employer discontinued paying time loss benefits.

Claimant continued to receive medical treatment for his back symptoms. In November 1993, he requested that his claim be reopened or, alternatively, that the August 12 injury be processed as a claim for a new injury. Relying on the CDA, employer refused. On March 16, 1994, claimant filed a request for a hearing.

The administrative law judge (ALJ) concluded that claimant's claim was barred by the CDA. The Board reversed, holding that claimant's claim for the August 12 incident involved a new injury, that the CDA did not bar litigation, and that claimant was entitled to a hearing on the issue of a *de facto* denial of his new injury claim.

On review, employer contends that the Board erred, because the CDA barred claimant's request for hearing. Claimant responds that he suffered a new injury to his middle and low back on August 12 and that this new injury was not mentioned in, nor resolved by, the CDA that was executed several weeks before employer formally accepted the August 12 claim as an aggravation claim.

 We interpret CDAs using the same rules of construction that apply to contracts. *Trevitts v. Hoffman-Marmolejo*, 138 Or App 455, 459, 909 P2d 187 (1996). We must pursue the intent of the parties if possible. ORS 42.240. Whether a contract is ambiguous is a matter of law. *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978). A contract is not ambiguous if it has only one sensible and reasonable interpretation. *P & C Construction Co. v. American Diversified*, 101 Or App 51, 56, 789 P2d 688 (1990).

 The question is whether the CDA incorporated and released claimant's rights regarding the August 12 incident. We conclude that it unambiguously did.

The CDA was drafted by claimant's attorney and provides that it is a full release of "all other issues or benefits allowed by law, except for medical services." It states that it covers the April 3, 1992, injury. It also states that "[t]his claim has not been closed" and that "[t]he worker has not been able to return to the workforce." Those two statements unequivocally indicate that the CDA encompasses the August 12 incident. The claim for the April 3 injury was closed on July 16, 1992. It was reopened, under the same claim number, at the request of Dr. Long after the August 12, 1992, incident, and claimant received time loss benefits until the Board approved the CDA. If claimant had intended to release his right to benefits only for the April 3 injury, the CDA would have stated that the claim had been closed. Furthermore, claimant returned to work after the April 3 injury. He was prevented from returning to the workforce

only by the August 12 incident. The statement in the CDA that claimant has been unable to return to the workforce is additional evidence that claimant intended the CDA to encompass the August 12 incident. By the terms of the CDA, the April 3 injury and the incident of August 12 were within its scope. As we observed in *Safeway Stores, Inc. v. Seney*, 124 Or App 450, 454, 863 P2d 528 (1993), claimant may not "escape his bargain" by now recharacterizing the August 12 claim as a claim for a new injury.

The Board erred in holding that the CDA did not bar claimant's "new injury" claim for his middle and low back condition.

Reversed and remanded.