Argued and submitted September 19, reversed and remanded for reconsideration
November 13, 1996

In the Matter of the Compensation of
Vicki D. Pollock, Claimant.

Vicki D. POLLOCK,
*Petitioner,*

*v.*

TRI-MET, INC.,
*Respondent.*

(Agency No. 94-10269; CA A92228)

927 P2d 117

Robert Wollheim argued the cause for petitioner. With him on the brief was Welch, Bruun, Green & Wollheim.

Travis Terrall argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of a Workers' Compensation Board order that upheld employer's denial of claimant's aggravation claim for right shoulder bursitis. The Board reasoned that the compensability of the aggravation claim was an issue that claimant could have raised before entering into a settlement regarding other pending claims. Consequently, the Board concluded that the settlement agreement barred claimant from raising the issue. We review for errors of law, ORS 183.482(8)(a)(A), and reverse.

Claimant is a Tri-Met bus driver. Between July 1993 and February 1994, she filed three workers' compensation claims for injuries to her neck, shoulders and arms. Employer denied each claim, and claimant requested a hearing on each denial. The hearing on the claims was scheduled for June 14, 1994. Before the hearing, the parties entered into an oral agreement to settle the claims. Under the terms of the agreement, employer agreed to rescind all three denials, all the claims were processed under one claim, that claim was classified as nondisabling, claimant received $2,500 and employer agreed to pay claimant's attorney fees.

Before the written settlement agreement was prepared and executed, claimant returned to her attending physician. Her physician found that claimant's condition had worsened and that claimant was unable to work. There is no evidence as to when the physician reported those facts to the employer. Claimant returned to work in early July.

On July 26, 1994, the administrative law judge approved the parties' written settlement agreement after the parties had executed it. The agreement stated in part, "[c]laimant agrees that all her requests for hearing, and all issues that have been or could be raised at this time are hereby deemed settled by this settlement agreement." On August 19, 1994, employer issued a denial to the aggravation claim, maintaining that it had been settled by the terms of the settlement agreement. The denial resulted in a request for hearing. The Board subsequently upheld the denial, relying in part on our holding in *Good Samaritan Hospital*

*v. Stoddard,* 126 Or App 69, 867 P2d 543, *rev den* 319 Or 572 (1994). This petition for review followed.

In *Stoddard,* the physician reported to the employer that the claimant had a nerve entrapment condition involving her right hand and requested authorization for surgery. 126 Or App at 71. Thereafter, the claimant entered into a settlement agreement concerning an accepted right wrist claim. The employer argued that the claimant's nerve entrapment condition and the requested surgery were encompassed by the terms of the settlement agreement, which purported to resolve "all issues which were raised and could have been raised on or before the date of this settlement." *Id.* at 72. The Board ruled as a matter of law that, because the employer had not yet denied or accepted the claim for the nerve entrapment condition, the settlement of that claim was not included in the settlement. We disagreed, noting that the correct inquiry was "whether the claimant's condition and its compensability could have been negotiated before approval of the settlement." *Id.* at 73.

In other words, we held that the correct inquiry was whether the nerve entrapment condition was an issue contemplated by the parties to be within the purview of the settlement agreement. Thus, we disagreed with the Board's premise that the denial by the employer was a legal predicate to holding that the claimant had settled the claim for her nerve condition. Because neither party argued that the language of the settlement agreement was ambiguous, we then analyzed the issue of whether the parties had contemplated settlement of the nerve entrapment condition by examining the terms of the agreement. We concluded that, based on the language of the agreement and the circumstances of when the parties became aware of the claim, the claimant's nerve condition was an issue that was contemplated by the agreement.

■ In this case, the Board relied on *Stoddard* and one of its own cases for the proposition that a stipulation that settles all issues then "raised or raisable" bars a claimant from subsequently litigating entitlement to benefits, because the claimant is on notice of a potential dispute before the settlement agreement was approved. Relying on that authority,

the Board reasoned that, considering the undisputed evidence that claimant was aware of a potential dispute concerning her aggravation claim before July 25, 1994, the compensability of the aggravation claim was an issue that "could have been raised by claimant before approval of the parties' stipulation." Therefore, the Board concluded that, based on the language of the settlement agreement, claimant was barred from litigating her aggravation claim.

We disagree with the Board's analysis. Settlement agreements are contracts and, as such, they implicate general principles of contract law. When such an agreement is unambiguous in its terms, the interpretation of the agreement becomes a question of law to be decided by a court based on an examination of the terms of the agreement as a whole.[1] *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978). The construction to be given such an agreement is to render, if possible, all of its provisions harmonious and to carry into effect the actual purpose and intent of the parties as derived from the terms of the agreement. *See, e.g., International Paper Co. v. Pearson*, 106 Or App 121, 124, 806 P2d 189 (1991) (holding that the settlement agreement resolved that certain medical services were compensable but did not resolve the compensability of the underlying condition).

In this case, the Board did not undertake to ascertain the intent of the parties at the time of their settlement. In fact, the existence of the aggravation claim was unknown to claimant at the time of the oral agreement, and there is no evidence that employer had notice of claimant's aggravation claim before July 26, 1994, the date of the written settlement. On remand,[2] the Board must construe the parties' settlement

---

[1] Pertinent to the proper analysis in this case are at least the following clauses that are contained in the settlement agreement:

"It is hereby stipulated and agreed that the parties, now wishing to resolve all issues relating to all of claimant's request for hearings (August 13, 1993; September 7, 1993; and March 15, 1994) agree to the following * * *

"It is further stipulated and agreed that, in consideration for the above, claimant agrees that all her requests for hearing, and all issues that have been or could be raised at this time are hereby deemed settled by this settlement agreement."

[2] Because the Board did not conclude whether or not the agreement was ambiguous, we do not address that issue here.

in such a way as to carry into effect their express purpose and intent at the time of the agreement.

Reversed and remanded for reconsideration.