Argued and submitted January 30, affirmed March 26, petition for review denied July 29, 1997 (325 Or 621)

In the Matter of the Compensation of
Thomas A. McGrew, Claimant.

Thomas A. McGREW,
*Petitioner,*

*v.*

EXPRESS SERVICES, INC.
and Continental Loss Adjusting Services,
*Respondents.*

(WCB No. 94-10560; CA A92832)

936 P2d 365

Robert Wollheim argued the cause for petitioner. With him on the briefs were Welch, Bruun, Green & Wollheim, Kate Donnelly and Coons, Cole, Cary & Wing.

Vera Langer argued the cause for respondents. With her in the brief was Scheminske, Lyons & Bussman, LLP.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

### RIGGS, P. J.

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in failing to address issues that claimant had raised and in failing to admit evidence supporting the compensability of claimant's reactive depression condition. Because we agree with the Board's analysis, we conclude that it did not err and affirm its order.

The administrative law judge's (ALJ's) order fully explains the history of the claim, and we take our statement of facts from it. Claimant was struck by a large piece of lumber in 1987 while working for employer on the green chain. For the next several years he received conservative treatment for head and neck pain. In 1990, he began to receive treatment from Dr. Aflatooni, a psychiatrist, for psychological complaints. In 1991, Aflatooni described claimant's psychological condition as somatoform pain disorder and depression.

The claim was closed by a determination order in 1991, with an award of temporary total disability but no permanent partial disability. In an order on reconsideration, the Department of Consumer and Business Services awarded claimant 34 percent unscheduled permanent partial disability for reduced cervical range of motion and organic brain injury. Claimant requested a hearing, seeking a determination that the claim had been prematurely closed or, alternatively, that he suffered additional permanent partial disability. He continued to receive treatment from Aflatooni for his psychological symptoms.

In a deposition of April 30, 1992, Aflatooni testified that claimant was suffering from somatoform pain disorder and depression, which he described as "reactive depression," and which he believed was connected to claimant's 1987 injury, as a response to the trauma and subsequent loss of work and functional capacity.

In June 1992, claimant and employer entered into a stipulation with regard to the request for hearing that claimant had filed after the reconsideration order. In the stipulation, the parties noted the current issues between them: permanent partial disability, permanent total disability, and

premature closure of the claim for somatoform pain disorder. The parties agreed that, in lieu of going to hearing, employer would reopen the November 1987 claim as of the date of Aflatooni's deposition and begin payment of temporary total disability "for the worsening of the somatoform pain disorder." The stipulation stated that the parties agreed that their settlement was based in part on Aflatooni's deposition and that it resolved all issues raised or which could have been raised at the time of settlement. The July 10, 1992, order approving the settlement expressly dismissed with prejudice all issues that could have been raised as of the date of approval of the settlement.

Claimant continued to receive treatment from Aflatooni for his psychological symptoms, which Aflatooni continued to characterize as somatoform pain disorder and depression. In March 1993, Dr. Parvaresh, a psychiatrist, reported that claimant's psychological condition was medically stationary. In May 1993, Aflatooni concurred in that opinion. Claimant continued to receive treatment from Aflatooni until the end of 1993.

On December 23, 1993, the Department issued a determination order that again closed claimant's November 1987 injury claim, with an award of temporary total disability from April 30, 1992, through March 25, 1993, but no additional permanent disability. Claimant requested reconsideration. He was examined by a panel of medical arbiters. On August 26, 1994, the Department issued an order on reconsideration affirming the December 23, 1993, determination order. Claimant requested a hearing.

At the hearing, claimant raised the questions of premature closure of the claim and the extent of his permanent partial disability. After the hearing, in his written closing argument, claimant contended for the first time that his reactive depression is a separate compensable condition. In February 1995, claimant deposed Aflatooni, and submitted the deposition into the hearing record, asking the ALJ to consider the compensability of the reactive depression condition, which employer had never accepted or denied. In that deposition, Aflatooni gave his opinion that claimant had become medically stationary in November 1993, instead of in March

1993, as had been determined by the Department. Claimant also asked the ALJ to consider two letters from Aflatooni, both written after the hearing and addressing the compensability of claimant's reactive depression.

The ALJ and the Board agreed with employer that claimant is precluded from asserting the compensability of the reactive depression condition by virtue of the parties' July 1992 stipulation. We also agree with employer. Before the parties' stipulation and as early as January 1991, Aflatooni had indicated that claimant was suffering from reactive depression. The July 10, 1992, order approving the stipulation dismissed with prejudice claimant's request for hearing as to all issues raised and all issues that could have been raised as of the date of the stipulation's approval. The ALJ and the Board correctly concluded that the stipulation and order encompassed the reactive depression. *Good Samaritan Hospital v. Stoddard*, 126 Or App 69, 867 P2d 543 (1994).

Because the Board concluded that claimant was barred from raising the compensability of the reactive depression, it did not address claimant's contention that 1995 legislative changes to ORS 656.262(6)(d), ORS 656.262(7)(a) and ORS 656.268 apply and permit him to raise the compensability of his reactive depression at any time. As the Board implicitly concluded, each of claimant's arguments depends on the assumption that claimant is legally permitted to establish the compensability of the reactive depression. Apart from any subsequent statutory changes that may permit a claimant to assert the compensability of a new medical condition there is no doubt that the parties' 1992 stipulation disposed of claimant's reactive depression condition, by its plain and unambiguous terms. *Taylor v. Cabax Saw Mill*, 142 Or App 121, 919 P2d 527 (1996); *see Pollock v. Tri-Met, Inc.*, 144 Or App 431, 435, 927 P2d 117 (1996). The compensability of the reactive depression may not be raised now, either as a new claim or as a medical sequela to the original accepted condition.

Affirmed.