Argued and submitted April 3, reversed June 11, 1997

In the Matter of the Compensation of
Roger L. Wolff, Claimant.

SAIF CORPORATION
and Nendel's Management & Supply Co., Inc.,
*Petitioners,*

*v.*

Roger L. WOLFF,
*Respondent.*

(WCB No. 93-06586; CA A93849)

939 P2d 630

David L. Runner argued the cause and filed the brief for petitioners.

Martin L. Alvey argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

### RIGGS, P. J.

Employer seeks review of an order of the Workers' Compensation Board, contending that the Board erred in concluding that it is precluded from denying the compensability of claimant's osteochondritis dissecans. We agree with employer that its denial is not barred, and reverse the Board's order.

Claimant compensably injured his knee in 1980. The claim was accepted as a contusion. Following surgery, the September 21, 1981, closing report of claimant's treating physician diagnosed

> "[o]steochondritis dissecans with a large fragment having been removed, with chondromalacia of the patella. *Most likely this patient had a pre-existing problem of osteochondritis dissecans* which may have resulted in the fragment having become loose at the time of his industrial injury." (Emphasis supplied.)

Specifically, the doctor concluded that claimant's injury-related impairment was "10 percent of a lower extremity." The doctor noted, "He probably has more impairment than this, but this is the portion which I feel is directly related to his accident and not a preexisting condition." The claim was closed on October 15, 1981, by a determination order awarding 10 percent permanent partial disability for the "left leg (knee)." The record contains a worksheet prepared on October 12, 1981, by the Evaluation Division with check-box notations of claimant's conditions, including "atrophy," "disabling pain," and under "other," lists "chondromalacia," and "osteochondritis." The references are unexplained, except that they are in the "scheduled" box on the worksheet.

The claim was reopened in 1986, and claimant had a second surgery. The claim was closed without an award of additional permanent disability. Claimant requested a hearing, and in February 1987 the parties reached a stipulation under which claimant received an additional 15 percent PPD. The stipulation identified the condition accepted as "left knee strain," and stated that the agreement resolved "all issues raised or raisable" at that time.

■     In 1993, claimant's physician sought authorization for a third surgery. SAIF issued a partial denial of claimant's osteochondritis dissecans. Relying on our opinions in *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 881 P2d 180 (1994), *rev den* 320 Or 506 (1995) (*Messmer I*), and *Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 915 P2d 1053, *rev den* 324 Or 305 (1996) (*Messmer II*), the Board ultimately concluded that the 1981 determination order precluded employer's denial of the osteochondritis dissecans because the order had listed osteochondritis as one of claimant's conditions.

■ ■     We reject employer's invitation to reconsider our holdings in *Messmer I* and *Messmer II*. In *Messmer I*, we stated the rule that, when a determination order *awards benefits* for a condition that has not been accepted, and the employer does not appeal the determination order, the employer is barred by claim preclusion from denying that the condition is a part of the accepted claim. 130 Or App at 258. Whether the determination order includes an award for the unaccepted condition is a question of fact. Here, we conclude that substantial evidence does not support the Board's finding that the 1981 determination order awarded benefits for osteochondritis dissecans. In the first place, contrary to the Board's findings, the *determination order* did not list claimant's osteochondritis dissecans. Only the worksheet listed it. In the light of the contemporaneous closing medical report, which expressly *excluded* claimant's osteochondritis dissecans from the recommended rating of 10 percent disability, and its consistency with the 10 percent award in the determination order, we conclude that the simple listing of osteochondritis dissecans on the evaluator's worksheet as one of claimant's conditions does not support an inference that an award was made for the condition. This is especially so in the light of the fact that the disability rating rule in effect at the time authorized benefits for disabling pain, but not for the other conditions listed.

■     Further, in our view, the parties' 1987 stipulation, in which the parties settled "all issues raised or raisable" with regard to claimant's accepted knee condition, precludes claimant from now seeking compensation for the osteochondritis dissecans. The quoted language precludes a claim for

any condition that had been diagnosed but not accepted at the time of settlement. *Good Samaritan Hospital v. Stoddard*, 126 Or App 69, 867 P2d 543 (1994). Claimant's osteochondritis dissecans was diagnosed long before the 1987 stipulation and had not been accepted at any time. The Board erred in determining that claimant could seek benefits for it.

Reversed.