On respondent's petition for reconsideration filed June 26, and motion for remand and response to memorandum filed August 13; on petitioners' response to motion to remand filed August 19, reconsideration allowed; motion to remand denied; opinion (148 Or App 296, 934 P2d 630) adhered to November 26, 1997

In the Matter of the Compensation of
Roger L. Wolff, Claimant.

SAIF CORPORATION
and Nendel's Management & Supply Co., Inc.,
*Petitioners,*

*v.*

Roger L. WOLFF,
*Respondent.*

(WCB No. 93-06586; CA A93849)

952 P2d 1036

Martin L. Alvey for petition.

David L. Runner *contra.*

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant has filed a petition for reconsideration of our opinion in this case, 148 Or App 296, 939 P2d 630 (1997), in which we held that employer is not precluded from denying the compensability of claimant's osteochondritis dessicans, asserting that our opinion is inconsistent with *Messmer v. Deluxe Cabinet Works*, 130 Or App 54, 881 P2d 180 (1994), *rev den* 320 Or 506 (1995) (*Messmer I*), and *Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 915 P2d 1053, *rev den* 324 Or 305 (1996) (*Messmer II*). In this case, the Board relied on those cases and held that a 1981 determination order awarding benefits for permanent partial disability of claimant's left leg included an award for osteochondritis dessicans and precluded employer's denial of the condition. In our original opinion, we rejected employer's invitation to revisit our holdings in *Messmer I* and *Messmer II* but said that substantial evidence did not support the Board's finding that a 1981 determination order awarded benefits for the condition. We adhere to that last holding.

After the filing of our opinion in this case, the 1997 Oregon Legislature amended ORS 656.262(10) by adding the emphasized language:

"Merely paying or providing compensation shall not be considered acceptance of a claim or an admission of liability, nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof. Payment of permanent disability benefits pursuant to a determination order, notice of closure, reconsideration order or litigation order, *or the failure to appeal or seek review of such an order or notice of closure,* shall not preclude an insurer or self-insured employer from subsequently contesting the compensability of the condition rated therein, unless the condition has been formally accepted." Or Laws 1997, ch 605, § 1 (emphasis supplied).

The 1997 amendment is intended to address the issue decided in *Messmer I* by expressly providing that an insurer's failure to appeal a determination order that awards permanent disability benefits for an unaccepted condition does not preclude a later denial of that condition. The amendment is to be applied retroactively. Section 2 of the bill provides:

"Notwithstanding any other provision of law to the contrary, the amendments to ORS 656.262 by section 1 of this Act apply to all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive."

Section 4 of the bill declares an emergency and says that the Act "takes effect on its passage." The bill was signed into law by Governor Kitzhaber on July 25, 1997.

A claim pending on appeal is a claim "existing" on the effective date of the Act. The amendment to ORS 656.262 is accordingly applicable here. *See Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). In the light of our holding, however, that the determination order did not award benefits for osteochondritis dessicans and therefore does not preclude employer's denial of that condition, we need not consider the effect of the 1997 amendment on this case.

Reconsideration allowed; motion to remand denied; opinion adhered to.