Argued and submitted May 12, reversed and remanded for reconsideration June 9, 2004

In the Matter of the Compensation of
James T. Ellison, Claimant.

James T. ELLISON,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

02-01950; A120759

91 P3d 815

George J. Wall argued the cause for petitioner. With him on the briefs was Welch, Bruun & Green.

John M. Pitcher argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant petitions for judicial review of a final order of the Workers' Compensation Board (board) awarding him permanent disability benefits for his employment-related hearing loss. He challenges only the rate at which the board calculated his disability benefits. We reverse and remand for reconsideration.

After working 37 years for employer, claimant retired on January 19, 1989. Twelve years later, on January 18, 2001, he sought treatment for binaural hearing loss. He filed a claim, which employer initially denied. Ultimately, however, employer rescinded the denial and, pursuant to a stipulation, agreed to process the hearing loss claim. Among other things, the stipulation resolved "all issues raised or raisable by any party."

Employer later issued a notice of closure awarding claimant scheduled permanent disability, listing the date of injury as January 19, 1989. On that date, the applicable rate for claimant's disability would have been $347.51 per degree.

Claimant requested reconsideration, contesting the date of injury. The order on reconsideration concluded that the disability award was payable at the rate in effect for injuries on January 19, 1989. Claimant sought a hearing, arguing that the date of injury was January 18, 2001, the first date of treatment. On that date, the applicable rate for claimant's disability would have been $511.29 per degree. Employer responded that the relevant date is the date of last exposure and that, in any event, because the issue was raised or raisable at the time of the stipulation, claimant now is precluded from raising it. The board reinstated the order on reconsideration on the ground that the relevant date is the date of last exposure, not first treatment. The board did not address employer's argument that claimant was precluded from arguing that any other date is controlling.

While review was pending, we issued our opinion in *Reynoldson v. Multnomah County*, 189 Or App 327, 332, 75 P3d 477, *rev den*, 336 Or 192 (2003), in which we concluded that the date of injury for an occupational disease is "the date

of disability from the disease or the date of the first medical treatment of it."

Claimant now argues that *Reynoldson* is controlling and that he is entitled to an award based on the $511.29 rate that applies to his first date of treatment. Employer does not contest that *Reynoldson* holds that the first date of treatment now is, as a general rule, the relevant date for determining the applicable disability rate. It nevertheless insists that, in this case, claimant is precluded from asserting that because of the original stipulation. According to employer, because claimant could have raised the issue of the proper rate before agreeing to the stipulation, it was one of the "issues raised or raisable" that is now waived.

We decline to address that issue. As we have noted, the board did not have the opportunity to address it in the first instance, given the basis for its decision. We will not address the matter for the first time on review.

Reversed and remanded for reconsideration.