Argued and submitted May 24, reversed and remanded September 20, 2006

In the Matter of the Compensation of
Richard E. Robuck, Claimant.

Richard E. ROBUCK,
*Petitioner,*

*v.*

SAIF CORPORATION
and Willoughby Hearing Aid Centers,
*Respondents.*

04-01318; A127199

143 P3d 546

Philip F. Schuster II, argued the cause for petitioner. With him on the brief was Dierking & Schuster.

David L. Runner argued the cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

ARMSTRONG, J.

---

* Rosenblum, J., *vice* Richardson, S. J.

**ARMSTRONG, J.**

Claimant seeks review of an order of the Workers' Compensation Board, contending that the board erred in upholding SAIF''s denial of his combined low back condition. We conclude that the board erred and reverse and remand.

The facts are largely undisputed. Claimant has had symptoms in his neck and mid and low back since 1998. On July 2, 2003, he injured his low back at work when he fell. He sought treatment from Dr. Allen, a chiropractor, who diagnosed a lumbar strain. An August 1, 2003, MRI revealed degenerative changes at L5-S1 that "have resulted in a left paramedian annulus bulge." On August 20, 2003, Dr. Staver examined claimant on behalf of SAIF. He noted a history of previous lumbosacral strain and expressed the opinion that claimant's July 2003 injury had combined with a preexisting condition to cause a combined condition. In his view, however, the preexisting condition was the major contributing cause of the combined condition and the need for treatment.

SAIF denied claimant's injury claim for lumbar strain and L5-S1 annulus disc bulge. SAIF wrote:

"You have preexisting medical condition(s) which are diagnosed as lumbar strain and L5-S1 annulus disc bulge. Your work injury combined with the preexisting condition(s), but your work injury is not the major cause of disability or need for treatment of the combined condition."

Medical opinions were split as to whether claimant's injury had combined with his preexisting degenerative condition, with two physicians expressing the view that it had and two physicians expressing the view that it had not.

The parties settled the claim with the board's approval. On February 4, 2004, the board approved a "Stipulation and Order" of claimant's claim, in which SAIF agreed to accept a claim for lumbosacral strain/sprain. The stipulation provided, as relevant:

"Claimant filed a claim for low back condition sustained on or about July 2, 2003. SAIF Corporation denied the claim on September 5, 2003. Claimant filed a Request for Hearing to appeal the denial and raise other issues.

"The parties agree to settle all issue(s) raised or raisable at this time as follows:

"SAIF Corporation agrees to accept the following conditions: lumbosacral strain/sprain."

On February 13, 2004, SAIF issued a notice of acceptance for the lumbosacral strain/sprain. On February 17, 2004, SAIF issued a modified notice of acceptance and a current combined condition denial, accepting a combined condition beginning on July 2, 2003, but denying claimant's current combined low back condition "on and after today":

"Your claim was originally accepted for lumbosacral sprain/strain. Information in your claim file also indicates that beginning on July 2, 2003 your injury and/or accepted condition(s) have combined with one or more preexisting conditions including: degenerative disc disease. Accordingly, SAIF hereby accepts a combined condition beginning on July 2, 2003. This document becomes part of and is incorporated into your original Notice of Acceptance.

"However, a combined condition is compensable only so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability or need for treatment of the combined condition. Medical information indicates that presently your accepted injury is no longer the major contributing cause of your combined low back condition. Accordingly SAIF hereby denies your combined low back condition on and after today."

Claimant requested a hearing, asserting on various theories that SAIF's acceptance and denial of a combined condition is barred by the stipulation. The board rejected the contention, reasoning that SAIF's acceptance and denial of a combined condition were not inconsistent with the stipulation. Because we agree with claimant that the board erred, we reverse.

■■ The parties' February 4, 2004, stipulation settled all issues "raised or raisable." The agreement is not ambiguous; therefore, its construction is a matter of law. *Good Samaritan Hospital v. Stoddard*, 126 Or App 69, 72, 867 P2d 543, *rev den*, 319 Or 572 (1994). SAIF contends that the stipulation related only to claimant's lumbosacral strain/sprain, because that is the only condition mentioned, and the stipulation's only

effect was to establish an initially compensable claim; accordingly, the compensability of claimant's combined condition on the basis of then-existing information was an open subject. However, as provided in the agreement itself, it disposed of all issues "raised or raisable." There is no doubt that the compensability of claimant's combined condition had been raised by the parties at the time of the stipulation. Claimant's combined condition had been diagnosed as early as August 20, 2003, and the compensability of the preexisting degenerative condition had in fact been raised by claimant in his initial claim, and by SAIF in its denial. Accordingly, we conclude that the compensability of a combined condition had been previously raised by the parties and that its compensability had therefore been contemplated and disposed of through the stipulation. The terms of the parties' agreement therefore precluded SAIF's February 17, 2004, modified notice of acceptance and denial of a claim for a combined condition. *SAIF v. Wolff*, 148 Or App 296, 299-300, 939 P2d 630, *adh'd to on recons*, 151 Or App 398, 952 P2d 1036 (1997) (stipulation dismissing all issues raised or raisable with respect to the claimant's accepted knee condition barred the claimant from seeking compensation for related knee condition that was diagnosed before stipulation was executed); *Safeway Stores, Inc. v. Seney*, 124 Or App 450, 863 P2d 528 (1993).

Reversed and remanded.