Argued and submitted April 10, affirmed October 11, petition for review denied
December 27, 2006 (342 Or 254)

In the Matter of the Compensation of
James T. Ellison, Claimant.

WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

James T. ELLISON,
*Respondent.*

02-01950; A128919

145 P3d 309

John M. Pitcher argued the cause and filed the briefs for petitioner.

George Wall argued the cause for respondent. With him on the brief was Welch, Bruun & Green.

Before Edmonds, Presiding Judge, and Linder, Judge,* and Richardson, Senior Judge.

RICHARDSON, S. J.

---

* Linder, J., *vice* Wollheim, J.

## RICHARDSON, S. J.

Employer seeks review of an order of the Workers' Compensation Board on remand, challenging the board's determination that the correct rate for the calculation of claimant's scheduled permanent disability is $511.29 per degree. We review the board's legal conclusions for errors of law, ORS 183.482(8)(a), and its findings for substantial evidence, ORS 183.482(8)(c), and affirm.

The issue in dispute is the "date of injury" for purposes of determining claimant's benefits. The facts are stated in our previous opinion, *Ellison v. Weyerhaeuser Company*, 193 Or App 635, 637, 91 P3d 815 (2004):

> "After working 37 years for employer, claimant retired on January 19, 1989. Twelve years later, on January 18, 2001, he sought treatment for binaural hearing loss. He filed a claim, which employer initially denied. Ultimately, however, employer rescinded the denial and, pursuant to a stipulation, agreed to process the hearing loss claim. Among other things, the stipulation resolved 'all issues raised or raisable by any party.'

> "Employer later issued a notice of closure awarding claimant scheduled permanent disability, listing the date of injury as January 19, 1989. On that date, the applicable rate for claimant's disability would have been $347.51 per degree.

> "Claimant requested reconsideration, contesting the date of injury. The order on reconsideration concluded that the disability award was payable at the rate in effect for injuries on January 19, 1989. Claimant sought a hearing, arguing that the date of injury was January 18, 2001, the first date of treatment. On that date, the applicable rate for claimant's disability would have been $511.29 per degree. Employer responded that the relevant date is the date of last exposure and that, in any event, because the issue was raised or raisable at the time of the stipulation, claimant now is precluded from raising it."

In its first order, the board determined that the date of injury was the last date of claimant's employment with employer, which is the date of claimant's last exposure to noise. The board did not address in its first order whether claimant was

precluded by the parties' stipulation from arguing that any other date applied. 193 Or App at 637.

In *Reynoldson v. Multnomah County*, 189 Or App 327, 332, 75 P3d 477, *rev den*, 336 Or 192 (2003), we held that, under ORS 656.202(2), the date of injury for an occupational disease is "the date of disability from the disease or the date of the first medical treatment of it." In our first opinion in this case, we remanded to the board for it to determine in the first instance whether claimant was precluded by the terms of the stipulation from asserting that the date of injury was other than January 19, 1989, the date used by employer to calculate benefits. 193 Or App at 638.

On remand, the board examined the parties' stipulation, which provided, in part:

"Claimant filed a claim for binaural hearing loss. On April 3, 2001, [the employer] denied claimant's claim. Claimant timely requested a hearing.

"Based on subsequently developed evidence, [the employer] hereby agrees to rescind its denial, accept the claim and pay claimant's attorney an assessed fee.

"It is hereby stipulated and agreed that this matter be settled, subject to the approval of the Workers' Compensation Board, on the following terms: [the employer] hereby rescinds its denial of this claim and the claim hereby is remanded to [the employer] for acceptance and all benefits provided by law; [the employer] shall pay to claimant's attorney a reasonable assessed attorney fee of $1250 for his efforts in obtaining acceptance of claimant's claim.

"It is further stipulated and agreed that this settlement resolves all issues raised or raisable by any party on the date of its approval."

The board rejected employer's contention that claimant was precluded by the stipulation from disputing the date of injury stated in the notice of closure that employer submitted.

It also rejected employer's argument that a determination that the date of injury is later than the date of last exposure results in an unconstitutional impairment of the

contractual obligations between the state and the employer respecting workers' compensation.

■    On judicial review, employer asserts that the date of injury was a question that was "raised or raisable" at the time of the settlement and that claimant is precluded from disputing that issue in the hearing. It argues that, although the precise date of injury was not a subject of dispute, claimant was aware that the date of injury had been designated in some documents and he was aware of its significance. He clearly could have contested that date had he wished to during settlement negotiations. Having failed to do so, employer asserts, he is precluded by the stipulation from doing so now.

■    The parties do not contend that the stipulation is ambiguous, and we conclude that it is not. Accordingly, its construction is a matter of law for the court. *Good Samaritan Hospital v. Stoddard*, 126 Or App 69, 72, 867 P2d 543, *rev den*, 319 Or 572 (1994).

Employer's argument depends on the provision of the stipulation that it "resolves all issues raised or raisable by any party on the date of its approval." In its suggested resolution, employer imports aspects of the law about issue and claim preclusion. Although that analysis has some benefit, the essential issue is what did the parties agree in their resolution of the compensation claim; in other words, what "raised or raisable" means in the context of the parties' agreements. The issue of "date of injury" or calculation of benefits was not raised. Was it nevertheless an issue within the category of "raisable" issues that the parties agreed was settled?

The agreement centered around employer's denial of the hearing loss claim. As the stipulation recites, employer agreed to rescind its denial, and the claim was remanded to employer for "acceptance and benefits provided by law." We construe this agreement to be that, once the denial was rescinded, employer then took on the task of processing the claim, including a closing statement that included calculation of "benefits provided by law." Claimant would have had no reason or incentive to raise the issue of the appropriate date of injury for purposes of claim processing; the claim

processing had just begun. Claimant was entitled to challenge the processing of the claim if it failed to result in "benefits provided by law." We accordingly conclude that the board correctly held that the date of injury is not an issue that was resolved by the stipulation; thus claimant's challenge to the date of injury stated in the notice of closure was not precluded by the stipulation.

■   Employer also raises on appeal its constitutional challenge to calculation of the date of injury under the statutory analysis set out in *Reynoldson*. It argues that the workers' compensation law represents a contract between the state and employers to provide compensation at a particular rate within specific periods of coverage. The statute, ORS 656.202(2), prescribes the amount of compensation in reference to the law in effect on the date of injury. Thus, employer argues that, when the employment exposure has ceased, use of a date subsequent to the injurious exposure to calculate benefits would impose a new obligation on a past and completed transaction. Employer contends that employers doing business in Oregon reasonably rely on the compensation rates promised by statute and that imposing a new and greater benefit requirement impairs the obligation of the contract in violation of the state and federal constitutional contract clauses. Or Const, Art I, § 21; US Const, Art I, § 10.

The Supreme Court has interpreted those provisions to apply to both public and private contracts. *Eckles v. State of Oregon*, 306 Or 380, 390, 760 P2d 846 (1988), *appeal dismissed*, 490 US 1032 (1989) (statute designating Industrial Accident Fund trust funds for specific purposes within the workers' compensation system formed the basis for a contractual obligation of the state to SAIF's insureds). If the appropriate contractual conditions are met, it is possible for one legislature to "bind a succeeding legislature to a particular course of action." *Hughes v. State of Oregon*, 314 Or 1, 13, 838 P2d 1018 (1992) (state public employees' retirement system is a contract between the state and its employees).

■   To establish a violation of Oregon's Contracts Clause, a party must show both that a contract exists between that party and the state and that some law impairs the obligations arising from that contract. *Hughes*, 314 Or at 13-14. A

state contract will be inferred from legislation only if the legislation unambiguously expresses an intention to create that relationship. *Id.* at 17. Such a contract is generally not inferable from statutory provisions that contain no limitations on their future repeal or amendment. *Eckles*, 306 Or at 391.

We have no difficulty concluding that the provisions of the Workers' Compensation Act relating to the calculation of permanent disability benefits do not represent a contract between the state and employers. In both *Eckles* and *Hughes*, cited as examples by employer, the statutes at issue placed the state in traditional contractual relationships with the plaintiffs. *Eckles*, 306 Or at 388 (the state, through SAIF, acted as insurer for employers); *Hughes*, 314 Or at 6 (the state acted as employer of state workers); *see also Does 1-7 v. State of Oregon*, 164 Or App 543, 993 P2d 822 (1999), *rev den*, 330 Or 138 (2000) (distinguishing cases). Here, in contrast, the state's role with respect to employers in the context of administering payment of benefits under the Workers' Compensation Act is regulatory. There is no contractual relationship between the state and employers, either expressed or implied, in the requirements that an employer pay benefits to its injured workers, or that those benefits be calculated based on the law in force at the time of the injury. We conclude, accordingly, that there is no Article I, section 21, implication in the court's interpretation of ORS 656.202(2), relating to the meaning of the "date of injury." For the same reason, we conclude that the court's interpretation does not impair a contractual relationship within the meaning of the federal Contracts Clause, Article I, section 10, clause 1, of the United States Constitution. *Hughes*, 314 Or at 35.

Affirmed.